ANDREW P. WISWELL, and others, Trustees,
*vs.*
JOHN H. BRESNAHAN.

Hancock.    Opinion March 29, 1892.

*Contract.    Condition.    Assent.    Alteration.*

A stipulation, that the trustees of a certain fund, to be raised by subscription, should signify their acceptance of the trust in writing, is a condition precedent to their right to enforce such subscriptions.

ON REPORT.

Action of debt.    The case appears in the opinion.

*A. W. King, F. L. Mason* with him, for plaintiffs.

*J. B. Redman,* for defendant.

WHITEHOUSE, J.    This was an action of debt on a contract to recover the amount due on the defendant's subscription to a " shoe-factory fund," in the city of Ellsworth.

It appears from the evidence reported that the defendant signed a subscription paper by which he promised to pay the amount of his subscription to the plaintiffs, who were therein named as trustees of the fund, " when there shall have been subscribed an amount sufficient, in the judgment of the trustees, to carry out the purposes of this trust." This paper further states that " the purposes of the trust and the rights, powers and authority of said trustees are as set forth in the following articles which we, the subscribers, severally agree to, and said trustees shall in writing signify their acceptance of the trust according to said articles." Art. II, directs the trustees to expend such sums as they might deem expedient for the purchase of lands and the erection of buildings; and Art. V, is as follows : " The balance not expended as provided in Art. II, of the whole sum hereby subscribed and collected, not exceeding twelve thousand dollars, may be given by said trustees to any persons, firms or corporations who shall take a lease or leases of said property, said gift or gifts to be made on such terms and conditions as shall be determined upon by said trustees."

The plaintiffs never signified in writing their acceptance of the trust according to the articles of this agreement, but after subscriptions aggregating some three hundred dollars, including the defendant's, had been obtained upon it, this paper was withdrawn and another one circulated in its stead of substantially the same tenor, with the exception of Art. V, which is as follows : " The said trustees may in their discretion at any time convey to any persons, firms, or corporations, the lot, buildings or machinery purchased or erected, as provided in Art. II, upon such terms as they may decide, and with or without consideration, as they may deem for the best interests of the city of Ellsworth and of these subscribers." The plaintiffs formally signified in writing their acceptance of this trust by an indorsement over their signatures, and thereupon further subscriptions were obtained on this second agreement aggregating nearly twenty-five thousand dollars, a sum sufficient, in the judgment of the trustees, to carry out the purposes of the trust.

. If the defendant is liable in this action, it is by virtue of the contract which he signed. But it is an elementary principle common to all contracts that there must be a mutual assent of the parties to the same subject matter in the same sense. No contract is completed until each party has accepted every proposition of the other without modification or the addition of new matter. There must be a clear accession on both sides to one and the same set of terms. 1 Chit. Con. 15–21 ; Met. Cont. 18 ; 1 Pars. Cont. 476 ; *Jenness* v. *Iron Co.* 53 Maine, 20 ; *Railroad* v. *Unity*, 62 Maine, 153. The result of the authorities is all embraced in the simple principle that only when the wills of the parties so unite in the same thing as to exactly coincide, does the law recognize a contract. Bish. on Cont. § 334.

But it appears from a comparison of the two papers that after the defendant's subscription had been obtained on the first one, and before the plaintiffs had signified their acceptance of the trust, a material alteration was made in Art. V. The terms of Art. V, in the second paper disclose an esssential modification of Art. V, in the paper declared on in the writ. The authority conferred upon the trustees respecting the disposition of the

funds is widely different.   There appear to be two separate and distinct trusts.   The trust accepted by the plaintiffs in writing is not the one set forth in the contract signed by the defendant.

The acceptance of the trust by the plaintiffs according to the articles of the agreement must be deemed an essential term of the contract.   The defendant might well repose special confidence in the integrity, ability and discretion of the plaintiffs, and willingly contribute to a fund to be employed at their discretion, when he would decline to subscribe if others were named as trustees.   Acceptance by the plaintiffs was, therefore, a condition precedent to their right to enforce payment of the subscriptions.

But it is insisted in behalf of the plaintiffs that, though they omitted to signify their acceptance in writing on the paper signed by the defendant, they did in fact accept the trust and enter upon the execution of it.   Of this however there is no satisfactory evidence.   They did not signify their acceptance in writing on the first paper, and after subscriptions to an insignificant amount had been obtained upon it, it was superseded by another and a different one, on which is written the plaintiffs' formal acceptance of the trust "according to the articles thereof." The inference from this is irresistible that the plaintiffs decided not to accept the trust set forth in the agreement declared on. The amount which in the judgment of the plaintiffs was sufficient to carry out the purposes of the trust was subscribed on the second paper and not on the first.   The plaintiffs entered upon the discharge of the the trust which they accepted and not of the trust which they did not accept.   The facts reported establish no contract by which the defendant is bound.   *Railroad* v. *Unity*, *supra*.

*Plaintiffs nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY and FOSTER, JJ., concurred. EMERY, J., did not sit.