# CHARLESTON.

THORN *et al. v.* THORN.

Submitted June 14, 1899—Decided November 11, 1899.

1. APPEAL—*Justice of the Peace.*
    An appeal by a party to a cause in a justice's court operates as a general appearance in the appellate Court, and gives that Court jurisdiction of the person of the appellant, and as a general rule the irregularities in the proceedings before the justice are waived by an appeal. (p. 6.)

2. SUMMONS—*Unlawful Detainer.*
    A case in which the language of the summons is sufficient to charge the defendant with unlawfully withholding the property therein described, and in which the property is described with convenient certainty. (p. 6.)

Error to circuit court, Taylor County.

Action by Alva B. Thorn and Miranda Thorn against Abraham Thorn. Judgment for defendant, and plaintiffs bring error.

*Reversed.*

W.R. D. DENT, for plaintiffs in error.

CHARLES P. GAURD, for defendant in error.

ENGLISH, JUDGE:

This was an action of unlawful entry and detainer brought by Alva B. Thorn and Miranda Thorn against

Abraham Thorn before a justice of the peace of Taylor
County. The summons issued by the justice read thus:
"State of West Virginia, Taylor County, to wit. To any
Constable of Said County: You are hereby commanded, in
the name of the state of West Virginia, to summon Abra-
ham Thorn to appear before me, Lewis Haymond, at my
office, in the district of Grafton. in said county, on the 28th
day of February, 1898, at 10:30 o'clock a. m., to answer the
complaint of Alva B. Thorn and Miranda Thorn in a civil
action for the possession of a certain house, garden, out-
buildings, and farm land situated in Knottsville district,
Taylor county, West Virginia, more particularly described
in the complaint to be filed in this suit, in which the plain-
tiffs will claim judgment for possession of said real estate,
and $50 damages for its detention. Given under my hand
this 20th day of Ferbuary, 1898. Lewis Haymond, Justice
of the Peace." The complaint filed in the suit bv the
plaintiffs specifically describe the property partly by metes
and bounds, and claimed that the defendant unlawfully
withheld the same from the plaintiffs, who demanded pos-
session thereof, and fifty dollars damages for its detention.
On the 28th of February, 1898, the defendant failing to ap-
pear in the case, the justice waited one hour, heard the
evidence offered by the plaintiffs, and gave judgment for
the possession of the premises described in the summons
and complaint. On the 8th of March the parties appeared
by their attorney, and the defendant, in pursuance of his
notice to the plaintiffs, moved the justice to set aside the
judgment rendered in said action, and grant him a new
trial, for the reason that the constables' return on the sum-
mons was insufficient, and was amended according to the
facts of its execution after the justice rendered his judg-
ment, which motion was overruled; and thereupon the de-
fendant obtained an appeal to the circuit court, and, the
cause having been docketed in that court, on April 15, 1898,
the defendant moved the court to quash the summons for
errors appearing on the face thereof, which motion was
sustained, the summons quashed, and the action dismissed,
with costs. From this judgment the plaintiffs obtained a
writ of error to this Court, assigning as errorthe action of
the court in quashing said summons and dismissing the
plaintiffs' action.

The defendant appeared before the justice, and moved to set aside the judgment and grant him a new trial because the constable's return on the summons was insufficient, and was amended according to the facts of its execution after the judgment was rendered. No motion was made to quash the summons itself. The question now presented is whether the motion to quash the summons in the circuit court did not come too late. This question was before this court in *Blankenship* v. *Railroad Co.* 43 W. Va. 135, (27 S. E. 355); and it was there held that "in an action before a justice of the peace, the defendant, not having entered a special appearance before the justice for the purpose only (and so stating in submitting his motion) of quashing the writ or return, cannot on appeal to the circuit court take advantage of any defect in the writ or return either by motion to quash or plea in abatement." But, even if this motion could be made in the circuit court, the summons seems sufficient. The defendant is summoned to answer the complaint of plaintiffs in a civil action for the possession of a certain house, garden, outbuildings, and farm land, situated in Knottsville district, Taylor County, W. Va., more particularly described in the complaint which he is summoned to answer. This Court held in *Simpkins* v. *White*, 43 W. Va. 125 (27 S. E. 361), (Syl. point 3), "If that description can be rendered certain by extrinsic evidence, it is sufficient;" and in the case at bar the description in the summons was aided by the complaint so as to make it specific, and described the property with convenient certainty. In section 26, chapter 50, of the Code, it is provided that "no summons shall be quashed or set aside for any defect therein if it be sufficient on its face to show what is intended thereby"; and there can be no doubt that the defendant knew what was intended by this summons, and, if he had any doubt the complaint, which was referred to in the summons, would have informed him. Again, in the case of *Layne* v. *Railroad Co.*, 35 W. Va. 438, (14 S. E. 123), (Syl., point 2), it was held that: "In order to take advantage of such a defect in the summons or return, the defendant must appear for that purpose only, and must so state in submitting the motion. If he appears generally, whether to move a continuance, or for any other purpose, he will be regarded as having waived all defects in the writ or re-

turn." Again, we find the law thus stated in 12 Am. &
Eng. Enc. Law, 487: "An appeal by a party to a case in
the justice court operates as a general appearance in the
appellate court, and gives that court jurisdiction of the per-
son of the appellant. As a general rule, the irregularities
in the proceedings before the justice are waived by an ap-
peal." Looking at the record in the light of these rulings,
my conclusion is that the circuit court erred in sustaining
the motion to quash said summons, and dismissing the
plaintiffs' action. The judgment is reversed, and the
cause remanded.

*Reversed.*