# CHARLESTON.

## DRINKARD *v.* HEPTINSTALL.

Submitted March 1, 1904—Decided March 15, 1904.

1. SUMMONS IN UNLAWFUL DETAINER—*When Amendable.*
   A justice's summons in a suit of unlawful detainer defective for an insufficient description of the property, may be amended on appeal to the circuit court when substantial justice will be promoted by such amendment. (p. 322).

2.  PLEADINGS.—*When Amendable.*

On appeal from a justice the case may be tried on such pleadings as will secure substantial justice between the parties whether such pleadings are made up in court or before the justice. The circuit court may amend the pleadings to promote the ends of justice and secure a fair trial. (p. 322).

3.  LEASE—*Meaning of Terms Thereof.*

A lease which provides that the tenant may have the refusal of the premises from month to month so long as the tenant may desire to occupy the premises, is a grant of preference over other proposed tenants if the landlord continues to rent the property. Such lease terminates at the end of each month, and no notice to quit is necessary. A demand for the possesion of the property is sufficient to prevent a renewal of the tenancy and give the landlord the right to sue for possession at the end of the current month. (p. 324).

Error to Circuit Court, Mercer County.

Action by Hattie N. Drinkard against J. P. Heptinstall. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

W. WALTER McCLAUGHERTY, for plaintiff in error.

H. A. RITZ and ANDERSON & EASLEY, for defendant in error.

DENT, JUDGE:

J. P. Heptinstall complains, on writ of error, to a judgment of the circuit court of Mercer county, rendered against him on the 29th day of May, 1902, in favor of Hattie N. Drinkard, in an action of unlawful retainer entitling her to possession of certain property held by the defendant as her tenant. The first error assigned is that the circuit court permitted plaintiff to amend her summons as to the description of the property after motion to quash.

The court did this by virtue of section 212, chapter 50, Code, which reads as follows, to-wit:

"No such summons shall be quashed or held insufficient for any defect in the description of the premises therein mentioned, if the description be such as to enable a person of common understanding to know what is intended thereby. And if in the opinion of the justice such description is not sufficient under the

provision of this section, the plaintiff may amend the summons so as to make the description sufficient." And section 169, chapter 50, says:

"The appeal may be tried upon the pleadings made up in the justice's court. or the pleadings may be amended before or during the trial of the appeal when substantial justice will be promoted by the amendment."

It is very plain that the court committed no error in allowing such amendment. *Thorn* v. *Thorn,* 47 W. Va. 4; *Simpkins* v. *White,* 43 W. Va. 125 (27 S. E. 361.)

The second error assigned is because the plaintiff failed to refile her affidavit filed before the justice denying that title to real estate would come in controversy. This was wholly unnecessary, as such counter affidavit was already in the case, and the issue on the same was fully made up before the justice, and because the defendant chooses to have an order refiling his affidavit in court does not destroy the issue already joined thereon before the justice. It plainly appears that the title to the property in controversy was not inquestion, and the defendant did not even insist on the circuit court passing on this question prior to trial, but his refiling the affidavit was regarded as the filing of a plea to which the plaintiff properly entered a general replication. All the other assignments of error relate to the merits of the case and depend entirely on the construction of defendant's lease. Plaintiff purchased the property in controversy of J. H. Nash, and held a deed for it bearing date 14th August, 1901. On the 15th August, 1901, she served on the defendant the following notice:

"Bluefield, W. Va., Aug. 15. 1901. Mr. J. P. Heptinstall, Bluefield, West Virginia: Dear Sir:—Owing to the fact that I wish to have the rooms which you now occupy overhauled and papered, I hereby notify you to vacate said rooms at once. Should you remain in said rooms over five days from date of this notice you will be required to pay rents at the rate of twenty dollars ($20) per month, also to pay all water rents. This August 15th, 1901. Hattie N. Drinkard."

He refused to give up the property and wrote plaintiff a letter as follows:

"J. P. Heptinstall, Lawyer and Notary Public. Reference—First National Bank, Bluefield, W. Va., August 16th, 1901.

Mrs. Hattie N. Drinkard, Bluefield, W. Va.   Dear Madam:—
Your notice dated August 15th, 1901, was received to-day.   I
beg to say that I have a rental contract with H. M. Nash who
represented himself to be the owner of the property which I
now occupy, and I shall still claim the rights so acquired by me
and shall not comply with the terms of your notice.   Respect-
fully, J. P. Heptinstall."

Defendant's lease is in the following words:

"This deed made the 8th day of June, 1898, between H. M.
Nash and J. P. Heptinstall, Withnesseth that the said H. M.
Nash doth demise unto the said J. P. Heptinstall all of the sec-
ond floor of the two-story brick building belonging to said H. M.
Nash, fronting on Bland Street on the east side thereof, in
Bluefield, Mercer County, West Virginia, lately occupied by V.
V. Austin, and over that part of said building used by said H.
M. Nash as a grocery store, and doth demise to said Heptinstall
one coal house and one privy on the eastern end of said lot, with
the right of ingress, egress and regress through and over said
lot to said coal-house and privy, from the 10th day of June,
1898, to the 10th day of July, 1898, thence next ensuing with the
refusal of said premises from month to month thereafter so
long as said J. P. Heptinstall may desire to occupy said prem-
ises, said Heptinstall paying to said Nash therefor the monthly
rentals of fifteen 75-100 dollars at the end of each rental montht,
said H. M. Nash to furnish water for the use of said Heptinstall,
delivered on said second floor of said brick building, and to pay
the water rents, to keep said premises in good repair, and to re-
move all deposits from said privy, and should said repair not be
made or said privy not cleaned within forty-eight hours notice
thereof, then said Heptinstall shall have the power to have same
done and deduct any necessary expense incurred therby from
the rents of said premises; and nothing shall be paid to said
Nash until the rents shall make sufficient returns for payment of
the expense so incurred.   Witness the following signatures and
seals.   H. M. Nash (Seal.)   J. P. Heptinstall, (Seal.)"

Defendant's objection to the introduction of plaintiff's deed
in evidence, because the description in the summons does not cor-
respond with the description in the deed, is not tenable for the
reason that defendant only withheld a portion of the property
mentioned in the deed, which undoubtedly covered the same.

It is insisted on the part, of the defendant that his contract made him an annual renter, and that he was entitled to three months notice to quit, or that he was a periodical monthly renter and entitled to one month's notice to quit. A careful examination of the lease shows that neither of these propositions are correct. He was not an annual renter for the reason the lease reads, "thence next ensuing with the refusal of said premises from month to month thereafter, so long as said J. P. Heptinstall may desire to occupy said premises." These words create a mere preference of renting from month to month, and not a periodical tenancy, and this is, if the landlord continues to rent the property, he will accord to the tenant the privilege of renting at the end of each month of the tenancy. There is no obli- gation on the landloard to continue to rent his property indefi- nitely or perpetually to any one or to renew defendant's lease so long as he may desire to occupy the property from month to month, but at the end of any month, the landlord may desire to cease renting the property he may terminate the tenancy by re- fusal to renew the lease and demand for possession of the prop- erty. *Crawford* v. *Morris,* 5 Grat. (46 Va.) 90. The defend- ant's term ends with his month each time unless it is renewed by the assent of the parties, express or implied, and no notice to quit is necessary. Code, section 5, chapter 93. A demand for possession and a refusal to renew is sufficient.

The plaintiff gave the defendant notice on the 15th day of August that she wanted possession of the property for the pur- pose of making repairs. He was entitled to hold on until the end of his current month, the 10th day of September following. Thereafter he could not continue to hold without a renewal of his lese. She began her suit for possession on the 16th of Septem- ber, one month from the time of her demand. She was entitled to possession at any time after the 10th of September, the expir- ation of the tenancy.

Defendant insists that because plaintiff's notice contained the following language, to-wit: "Should you remain in said rooms over five days from date of this notice, you will be required to pay rents at the rate of twenty dollars ($20) per month, also pay all water rents," that this is a renewal of the lease. Such is not the case, but the language is only warning that if he remains over five days and she is compelled to put him out, that she will

require him to pay her $20.00 per month so long as he unlawfully withholds the property from her.

The notice is that she wants the property at once, and does not want to rent it to the defendant any longer, and cannot be otherwise construed. This determines all material points in favor of the plaintiff.

The circuit court's judgment is plainly right and is affirmed.

*Affirmed.*