# CHARLESTON.

SALEM TERMINAL TRACTION CO. *v.* McGRAW.

Submitted March 16, 1909.　Decided November 23, 1909.

1. JUDGMENT—*Conformity to Pleadings—Interest.*

Under section 14, chapter 131, Code, in an action of *assumpsit* on contract the jury cannot, for *damages*, allow an amount beyond the amount of damages laid in the declaration; but it may add to that sum interest, though the aggregate exceed the amount in the declaration. And where the excess of the verdict over the amount laid in the declaration can be lawfully attributed to interest, the verdict is good. (p. 322).

Error to Circuit Court, Harrison County.

Action by the Salem Terminal Traction Company against John T. McGraw. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Melvin G. Sperry,* for plaintiff in error.

*J. E. Law,* for defendant in error.

BRANNON, JUDGE:

The declaration states that on the 27th day of May, 1903, John T. McGraw made a subscription of one thousand dollars to the capital stock of the Salem Terminal Traction Company, a corporation. He paid one hundred dollars on his subscription. On the 13th day of August, 1903, the board of directors of said corporation passed an order that all stock subscriptions were due and requiring their payment in full. Of this McGraw was notified. He not paying, the corporation brought an action of *assumpsit* against him in the circuit court of Harrison county. McGraw appeared and pleaded the general issue. On the 25th day of September, 1907, the case was tried by a jury, McGraw not appearing, and the jury found a verdict against McGraw for twelve hundred and thirty-eight dollars and fifty cents, and the court rendered judgment for that sum with interest from the verdict.

In his writ of error McGraw assigns it as error that the verdict and judgment exceed the amount laid as damages in the *ad damnum* clause of the declaration, that amount being one thousand dollars. It is very clear that the statement in Hogg's Pleading and Forms, section 100, is sound law: "A plaintiff should allege a sum in damages sufficient to cover his claim, as he can under no circumstances recover a sum in excess of that alleged." Citing *Enoch v. M. & P. Co.* 23 W. Va. 314. By reason of this law before the enactment of section 14, chapter 131 of the Code, juries always found the amount of damages and fixed the date from which interest should run, thus keeping damages and interest separate. It was a rule that the damages could not exceed the sum claimed in the declaration. But that statute changes the character of the verdict. "The jury in any action founded on contract, may allow interest on the principal due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial, after allowing all credits, payments and set-offs, and judgment shall be entered for such aggregate with interest from the date of the verdict." Code, chapter 131, section 14. That section not only allows, but commands, the jury to aggregate in its verdict damages and interest. The Legislature intended that when a man was compelled to sue he should have the principal due him with interest to the date of the finding, with interest on the whole, whereas before it was only on the principal from the date fixed perhaps prior to the verdict. That statute does not mean to change the rule of the common law that you can, for *damages,* on account of *damages,* exceed the demand of the declaration; but it does allow and command that the jury shall first fix the amount of damages and then find the amount of interest, and add them together, and then the statute commands the court to give judgment from the date of the verdict on the aggregate of principal and interest. If the record should disclose that the jury found *damages* in excess of the declaration it would be bad under that statute as before; but if the demand be one on contract, so as to warrant the allowance of interest, and it might be that the amount found by the jury in excess of the declaration could be attributed to interest, the verdict would be good.

In the present case the record states that the jury tried the issue, and after hearing the evidence rendered the verdict. What that evidence was we know not. It is not in the record. We see, however, from the declaration that it may have been proven, and surely was, that McGraw was chargeable with nine hundred dollars, the unpaid balance of his subscription, with interest at the rate of ten per centum per annum from the 13th day of August, 1903, when the directors declared subscriptions due and demanded payment. The law gave such interest on such subscription. Code, chapter 53, section 30. Thus we see that it was entirely within the province of the jury to allow such interest, and that it would make up the sum found by the jury. And we know by mathematics, by calculation of such interest, that it would cover the excess of the verdict beyond one thousand dollars. Facts stated in the declaration would call for more than that verdict. In *Georgia Home Ins. Co.* v. *Good,* 95 Va. 751, the jury found for the principal a certain sum with interest from a certain date, making the aggregate exceed the amount of damages laid in the declaration. That is not exactly our case, but the court laid down the principle, which we now lay down, that greater damages cannot be recovered than are declared for, "but the restriction is confined to the amount of *damages*—the principle of the recovery, and does not affect the interest thereon that may be allowed by the jury." The *damages* are one thing, the *interest* another. Interest is not the debt; but on all contracts interest is allowable on the principal. It is the legal incident of the debt, not the debt; as is said in *Hatcher* v. *Lewis,* 4 Randolph 137, interest follows the principal as the shadow follows the substance. Thus, it is the incident or shadow of the demand, not the demand. In this case the interest is not a part of that one thousand dollars demanded in the declaration. See 7 Encyclopedic Digest Va. & W. Va. Reports, 822, 823.

After the judgment had been rendered McGraw filed his affidavit to the effect that he had an understanding with J. E. Law, the attorney for the plaintiff in the suit, who was also vice president, and with Homer B. McKinley, the treasurer, that the action should stand continued until the directors had made a settlement of the affairs of the company and ascertained its in-

debtedness. Upon this affidavit McGraw asked the court to set aside verdict and judgment and grant him a new trial. Law and McKinley filed affidavits denying the facts stated by Mc-Graw as ground for a new trial. The court refused a new trial. Upon these affidavits we cannot say the court erred.

Under these circumstances nothing remains for us to do but to affirm the judgment.

*Affirmed.*