# CHARLESTON.

BENNETT v. HOLLINGER.

Submitted June 5, 1909.   Decided December 1, 1909.

1.  FORCIBLE ENTRY AND DETAINER—*Appeal—Amendment of Sum-mons.*

    The rules respecting description of the property required in unlawful detainer, and amendments of the summons or com-plaint therein, announced in *Simpkins* v. *White*, 43 W. Va. 125; *Thorn* v. *Thorn*, 47 W. Va. 4; *Drinkard* v. *Heptinstall*, 55 W. Va. 320; and *Billingslee* v. *Stutler*, 52 W. Va. 92, approved and applied.   (p. 386).

2.  LANDLORD AND TENANT—*Unlawful Detainer—Tenancy by the Month—Conditions Precedent.*

    In unlawful detainer, where a tenancy is by the month, a definite period, as distinguished from a tenancy for an indefi-nite period, as from month to month, no notice to quit is nec-essary; but a demand for possession and refusal to renew such monthly tenancy, and if the ground of the action be for breach of contract to pay rent, demand for the rent at the time and place stipulated, are conditions precedent to such right of ac-tion.   (p. 387).

3.  SAME—*Unlawful Detainer—Default in Rent—Right to Damages.*
    In an action of unlawful detainer by landlord against ten-

ant, damages for breach of contract to pay rent reserved are not recoverable, where it is shown that defendant, with the consent of, or by agreement with the plaintiff, attorned for the rent to a third person.    (p. 388).

Error to Circuit Court, Hancock County.

Action by Joseph Bennett against J. F. Hollinger.    Judgment for plaintiff, and defendant brings error.

*Reversed.*

*O. S. Marshall, John Marshall,* and *J. R. Donehoo,* for plaintiff in error.

*E. A. Hart,* for defendant in error.

Miller, President:

In unlawful detainer, begun before a justice, plaintiff obtained judgment on appeal in the circuit court for possession of the property, and $132.00 damages; the damages demanded in the writ being only $100.00.

The first point made is that the original summons and complaint, as amended, are too indefinite and uncertain in description of the property sued for. It is described as "a part of Lot No. 166, as shown on the recorded plat of Chester, Hancock County, West Va., and described as follows: The West side of said lot fronting 36 feet on Indiana Avenue, thence along said lot No. 166—68 feet to an alley, along said alley 34 feet, thence across said lot No. 166 to place of beginning." The verdict and judgment were for the property described in the summons as amended. We think the amendment was proper and the description sufficient. *Simpkins* v. *White,* 43 W. Va. 125; *Thorn* v. *Thorn,* 47 W. Va. 4; *Drinkard* v. *Heptinstall,* 55 W. Va. 320; *Billingsley* v. *Stutler,* 52 W. Va. 92.

The complaint charges a renting by the month, and a breach of the contract to pay rent. This is the cause of action stated. The evidence shows, or tends to show, a renting by the month, and not a tenancy from month to month. A tenancy from month to month, which may be determined on notice, is said to be in the nature of a tenancy at will. It is created by agreement, or it may be implied from the manner in which the rent is paid. A lease for an indefinite term with monthly rent reserved, creates a tenancy from month to month; it is

a continuing one, and not a new tenancy by renewal at the be-
ginning of each month. 24 Cyc. 1034; 1 McAdam on Land-
lord and Tenant, section 40. Such a tenancy is distinguished
from; a tenancy by the month in that the latter is for a definite
period, to-wit, one month, while the former is for an indefinite
period. A tenancy from month to month requires notice to
quit before action brought for possession; and, if the ground
of the action be a breach of the contract to pay rent, rent
must also be demanded at the time and place stipulated. But
where the tenancy is by the month, terminating at the end
of each month, no notice to quit is required. 24 Cyc. 1034;
1035; 1 McAdam on Landlord and Tenant, section 179. Our
statute, section 3398, Code 1906, says notice is unnecessary
where the term is to end at a certain time. This was the law
applied in *Drinkard* v. *Heptinstall, supra,* point 3 of the syl-
labus.

But though no notice to quit is required where the tenancy
ends on a day certain, as in case of a monthly renting, the
authorities are agreed that demand for possession and refusal
to renew is a condition precedent to right of action. *Drink-
ard* v. *Heptinstall, supra; Hays* v. *Altizer,* 24 W. Va. 505,
507; *Hukill* v. *Guffey,* 37 W. Va. 425, 454; 6 Ency. Dig. Va.
& W. Va. Rep. 171; *Bowyer* v. *Seymour,* 13 W. Va. 13. There
is not a particle of evidence in this case showing any demand
for possession or payment of rent. Plaintiff does say that about
the end of the first month defendant notified him that Mrs.
Bloom, from whom plaintiff claimed to have purchased the
property, but who had made him no deed, had notified him to
pay no more rent to plaintiff; that was in July, 1907, eight
months or more before suit brought. But he does not pretend
to have then made any demand for rent, or possession of the
property. On the contrary, he practically admits an agree-
ment with defendant that he should pay Mrs. Bloom, taking
receipts from her. No cause of action, therefore, had accrued
to defendant when he instituted this suit.

Another point of error relied upon is that the judgment for
damages exceeded the amount sued for, and that it is exces-
sive. There was absolutely no proof of any damages, except
non-payment of rent, which the uncontradicted evidence shows
was, with consent of plaintiff, paid to Mrs. Bloom. Section

3397, Code 1906, provides that: "The attornment of a tenant to any stranger shall be void, unless it be with the consent of the landlord of such tenant," etc. The evidence is flat that the plaintiff not only consented that the defendant should attorn to Mrs. Bloom, but that he practically directed him to do so, and to take receipts therefor. Wherefore the jury was unwarranted in finding damages for plaintiff, by way of rent accrued under the lease. We held at this term, in *Salem Traction Co.* v. *McGraw,* 66 W. Va. 321 (66 S. E. 463) that in an action of *assumpsit* on a contract, the jury cannot, *for damages,* allow an amount beyond the amount laid in the declaration, except where the verdict over that amount may be lawfully attributed to interest. Inasmuch as plaintiff in this case was not entitled to recover rent, and there was no proof of any other damages, the verdict for damages was also unwarranted, and the verdict should have been set aside.

Our judgment here will be that judgment below be reversed, the verdict set aside, and a new trial be awarded.

*Reversed.*