# CHARLESTON.

## Whalen *v.* Manley.

Submitted February 8, 1910. Decided December 6, 1910.

Landlord and Tenant—*Lease—Renewal—Holding Over.*

Holding over and continuing to pay the same rent by a lessee under a lease for twelve months, "with the privilege of renewal for the term of five years, if the said second party so desires, at the expiration of the said first year", without a new lease executed and without notice to the lessor before or at the expiration of the first term of his desire or election to renew said lease for the additional term, renders him tenant from year to year, and subject as such to the rights of the landlord and to be turned out of possession on notice at the end of any subsequent year.

Error to Circuit Court, Harrison County.

Action by John Whalen against R. A. Manley. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

*John Bassel* and *E. F. Goodwin,* for plaintiff in error.

*Ernest D. Lewis,* for defendant in error.

Miller, Judge:

In an action of unlawful detainer, begun before a justice, and tried upon appeal in the circuit court, the finding of the

court in lieu of a jury, and its judgment thereon, were for plaintiff.

The lease on which the rights of the parties depend, dated July 12, 1906, was of a store house, owned by John George and others, and signed "John George and others, by Henry George, Agt.", and R. A. Manley lessee. The lease was "for the term of twelve months, with the privilege of renewal for the term of five years, if the said second party so desires, at the expiration of the said first year."

The lessors on March 18, 1908, after the expiration of the twelve months, with notice to the purchaser of the existence of this lease, sold and conveyed the leased premises to the plaintiff Whalen. The lessee thereafter continued in possession of the property, attorning to Whalen, and was so in possession when, on February 16, 1909, he was served with notice in writing by Whalen to quit and surrender possession on or before July 12, 1909, the end of the current year.

The plaintiff's position is that the lease was good for twelve months only, without a new contract in writing renewing it; that by holding over after the expiration of the term, without such renewal contract Manley became a tenant from year to year, and his tenancy terminable at the end of any current year, by proper notice given.

Manley's defense is that at the end of the twelve months term he notified George, the agent, that he elected to begin the five years term. Referring to an alleged conversation with George, agent, when he collected the rent at the end of the year, Manley's exact language is: "When our year was up, we had a conversation. We talked about the year being short; didn't take long for a year to pass, and now our year was up, and we began the five year period." Immediately following this statement the question is asked him and he replied as follows: "Q. What did he say about that? A. He didn't say 'Yes' or 'No' ". Manley also claims to have had a conversation with Whalen before his purchase, and to have told him he had a five years lease and to which the latter replied that he thought he "would be very foolish to put a stock like that in without a lease." Whalen admits having been furnished with a copy of the lease, and that he knew its contents, but both he and George positively deny the alleged conversations with Manley. George denies that

Manley ever at any time notified him that he elected to renew the lease for the term of five years. So that whether or not the alleged conversations ever took place are facts depending on conflicting evidence, and the finding of the court below on evidence not preponderating in favor of defendant must be treated as a finding in favor of plaintiff, not to be disturbed by us.

We have left, therefore, the question of law, did defendant's holding over and paying rent according to the terms of the lease, without notice of his desire or election to renew, operate as a renewal of the lease for the° period of five years provided for therein?

The decisions on this question are conflicting. Some courts regard the conflict apparent rather than real, but we think there is some real conflict, though in all the general rules and principles applicable to interpretation' of contracts are recognized. Text writers, we believe, without exception, recognize, as do the decisions, the distinction between leases containing covenants to *renew,* on the same or different terms, and those containing covenants to *continue, extend,* or containing such words as "with the privilege to have," "with the privilege of keeping", "with the privilege if desired", or "at the option of the lessee for a further term." When the covenant is to *renew* it is generally regarded that the lease indicates the intention of the parties to execute a new lease, and as requiring of the lessee notice to the lessor at or before the expiration of the lease of his election to renew. Jones on Landlord and Tenant, sections 337-339; Taylor on Landlord and Tenant, section 406; Tiffany on Landlord and Tenant, 1514; Underhill on Landlord and Tenant, 1362. Jones, section 338, substantially using the language of the Wisconsin court in *Kollock* v. *Scribner,* 98 Wis. 104, which opposes the rule of the Missouri and New Hampshire courts, says: "There is authority that the words 'renew' and 'extend' should be construed in accordance with their ordinary meaning. Obviously, one means to prolong, or to lengthen out, the other, to make over, to re-establish, to rebuild; and those courts and writers that have construed them accordingly certainly have the best of the argument, if the judicial construction is to follow the true definition of the words." In some decisions, as *Ins. & Law B'ld'g. Co.* v. *Nall. Bank,* 71 Mo. 58, affirming Appellate court, 5 Mo. App. 334; *Ranlet* v. *Cook,* 44

N. H. 512, followed in the Missouri cases, and *Kramer* v. *Cook,* 7 Gray 550, it is held that holding over and complying with the terms of the renewal or extention lease provided for, as payment of the increased rent, as in *Ranlet* v. *Cook* and *Kramer* v. *Cook,* or continuing to pay the same rent, as provided in case of renewal, when holding over without renewal a larger rent was called for, amounted to an election to renew or extend, binding the parties, lessor and lessee, in fact operating as an extension or renewal of the lease, and requiring the execution of no further instrument.   In other states, as in Pennsylvania, in *Harding* v. *Seeley,* 23 N. E. 1118, and in Massachusetts in *Ferguson* v. *Jackson,* 62 Atl. R. 965, notice at or before the expiration of the lease of an acceptance of the option to renew and continuing in possession and paying the rent provided for, without the execution of a new lease, will constitute a good equitable defense to an action by the landlord to oust the tenant, and good ground for a suit by the tenant for specific performance.   1 Taylor on Landlord and Tenant, 406, recognizes this equitable doctrine.   It is also referred to *arguendo* in *Orton* v. *Noonan,* 27 Wis. 272, 279.   Some of the cases distinguishing a covenant to renew, from privilege of a longer term, or privilege of continuing the lease, etc., are *Levitzky* v. *Canning,* 33 Cal. 299; *D'elashman* v. *Berry,* 20 Mich. 292, 298; *Clarke* v. *Merrill,* 51 N. H. 415; *Atlantic Natl. Bank* v. *Demon,* 139 Mass. 420; *Kimball* v. *Cross,* 136 Mass. 300, and *Orton* v. *Noonan,* 27 Wis. 272.

Reason as well as the weight of judicial authority justifies us in holding, as the circuit court did, that simply holding over after the expiration of a lease containing a bare covenant to renew, and paying rent according to the terms of the old lease, does not amount to an election to renew, but constitutes the tenant a tenant from month to month or year to year, depending on the terms of the lease as to rent or rental periods.   This view is consonant with the general rule that holding over after the expiration of a term of years, or a monthly term, and paying rent according to the terms of the lease, constitutes the tenant a tenant from year to year or month to month as the case may be.   *Drinkard* v. *Heplinstall,* 55 W. Va. 320; *Allen* v. *Bartlett,* 20 W. Va. 46; *Arbenz* v. *Exley, Watkins & Co.,* 52 W. Va. 476;

*White* v. *Sohn,* 65 W. Va. 409; *Kaufman* v. *Maslin,* 66 W. Va. 99.

Our conclusion to affirm the judgment below on this point, renders it unnecessary to respond to other questions argued in the briefs. Judgment affirmed.

*Affirmed.*