# CHARLESTON.

WHEELING, OHIO & EASTERN RAILROAD CO. *et al. v.* WHEELING COAL RAILROAD COMPANY *et al.*

Submitted September 18, 1923.   Decided October 9, 1923.

1.  VENDOR AND PURCHASER—*Verbal Notice of Acceptance of Option Insufficient Where Contract Provides Written Notice.*

    Where an optional contract requires written notice of acceptance to be given to the optionors, or their assigns, by the optionee, or his assigns, within a certain time, fixed by the contract, a verbal notice, of acceptance, is not sufficient to make the contract binding, and, unless notice is given, in the manner prescribed by the contract, a court of equity will not enforce it. (p. 538).

2.  SPECIFIC PERFORMANCE—*Bill Failing to Allege Full Compliance by Plaintiff With Contract Sued on, Demurrable.*

    A bill praying for specific execution of a written contract, which fails to allege that the plaintiff has fully complied with the terms of the contract sued upon, does not make out a case for specific performance, and a demurrer to same should be sustained. (p. 538).

Suit by the Wheeling, Ohio & Eastern Railroad Company

and others against the Wheeling Coal Railroad Company and others.   A demurer to the bill was sustained, and the case certified for review.

*Affirmed.*

*McCamic & Clarke,* for plaintiffs.
*Frank W. Nesbitt,* for defendants.

McGINNIS, JUDGE:

The demurrer to plaintiff's bill having been sustained by the lower court, this case is certified here from the Circuit Court of Marshall County.

The bill, in this case, is for specific execution of a written, optional contract entered into between Sarah E. Allison, John E. Allison and wife, William W. Campbell and wife, parties of the first part, and Worthington M. Jacobus, party of the second part, by which, in consideration of one dollar and other considerations, etc., the said parties of the first part their heirs, executors and assigns gave and granted to the said party of the second part, their heirs and assigns, the exclusive right to purchase, on or before September 1, 1917, all that certain lot, or tract, of land situate in Sand Hill and Webster Districts, County of Marshall, describing the land by the lines of the adjoining owners, and to contain 24 acres after deducting a right of way deeded to the Wheeling, Ohio and Eastern Railroad Company; making certain reservations, set forth therein, of coal, oil and gas, with the right to cut timber, and to remain on the property, not needed for immediate use, for one year from the date of the contract.   The consideration to be paid for the land was $3000.00, on account of which, $100.00 was paid at the time.   In this contract will be found the following clause:

> "Provided the said party of the second part, his heirs and assigns, shall on or before September 1st, 1917, from the date hereof, notify in writing the said parties of the first part, their heirs or assigns, that they will take, accept and purchase said property at the price and upon the terms aforesaid.   In case notice of acceptance is given as aforesaid, the said parties of the first part, their heirs and assigns, agree

to deliver within a reasonable time thereafter to the party of the second part, his heirs or assigns, a deed of general warranty for said property, etc."

And the contract closes with the following clause:

"In case the party of the second part, his heirs or assigns, shall not notify the parties of the first part, their heirs or assigns, that he elects to take, accept and purchase said property at the price and upon the terms aforesaid, at or before the expiration of September 1, 1917, from the date hereof, then this agreement shall forthwith become null and void and of no effect."

The bill alleges that the contract, though taken in the name of Jacobus, was for the benefit of the plaintiff, Wheeling, Ohio and Eastern Railroad.

The contract is under seal, signed by the parties of the first part.

The bill alleges that, on the 17th day of April, 1917, the defendant, Wheeling Coal Railroad Company, secured a deed from the defendants, Allisons and Campbells, for the property covered and effected by the Jacobus agreement aforesaid, and charges that the deed was not secured in good faith; that said deed was made with knowledge, and notice, of said optional agreement; and that, on the face of said deed, it was expressly made subject to said agreement, and sets forth, in said bill, a copy of said deed, in which there appears the following clause:

"Also subject to an agreement between the said parties of the first part and Worthington M. Jacobus, dated March 10th, 1917, and recorded in said Clerk's Office on deed book volume 149, page 172, and the grantee in said deed agrees to indemnify the grantors and save them harmless from all damages, including costs, expenses of litigation or otherwise, which grantor may incur or suffer by reason of said Worthington M. Jacobus, or his assigns, accepting said option as provided by the terms thereof and undertaking to enforce a specific performance thereof or the bringing of a suit for damages by reason of the grantors not complying with the terms thereof."

And the prayer of the bill is for specific execution of the contract of March 10th, 1917.

The defendants demurred to the original bill and the demurrer was sustained, whereupon plaintiffs amended their bill, by an additional paragraph, in the following words:

> "That notwithstanding the conveyance herein pleaded, made to the said Wheeling Coal Railroad Company, under date of April 17, 1917, the said plaintiff before September 1, 1917, gave verbal notice of acceptance of said contract to the said parties of the first part, and requested the execution of the deed as provided in said contract to the said Wheeling, Ohio and Eastern Railroad corporation, one of the plaintiffs herein. The said defendants declined to execute and carry out said contract on their part then and there stating to the plaintiff substantially as follows: 'We have nothing more to do with this contract, you will have to see Tom Riley and the other railroad company.' The plaintiffs are now without remedy, save this suit for specific performance and that in the execution of said contract, the plaintiffs are entitled to credit for the one hundred dollars purchase money paid when the said contract was made."

The defendants demurred to the bill, as amended, and the demurrer to the amended bill was sustained by the court.

The contract in question, which is made a part of this bill, requires a written notice of acceptance of the same to be given to the optionors *or their assigns,* on or before September 1, 1917, and further says that in case he does not notify them, their heirs or *assigns,* before the expiration of September 1st, 1917, then the agreement shall forthwith become null and void and of no effect.

This contract comtemplated that the optionors might convey the land to another before September 1st, 1917, and fixed, in the face of the agreement, who should be notified in the event of such conveyance—their assigns—their grantee.

The bill alleges that they did, on the 17th day of April, 1917, sell and convey the land to the Wheeling Coal Railroad Company, and sets forth a copy of said deed in the bill by which, it will be seen, the grantors provided in the deed for this contingency. Time was of the essence of this contract and it required a written notice to be given before expiration of the time. The bill fails to allege that the plaintiffs have fully and completely complied with the contract upon which they sue. It fails to allege that a written notice of acceptance was given before the expiration of the time, either to the optionors or their assigns. This conveyance to the Wheeling Coal Railroad Company was not a breach of the contract for the reason that a sale to another was contemplated by the contract itself, and the further reason that it was made subject to this optional contract. 27 R. C. L. Sec. 31.

This deed was on record May 21, 1917, notifying the plaintiffs that the optionors had conveyed the land to the Wheeling Coal Railroad Company, and that deed was made subject to the optional contract here sued upon, and informing the plaintiffs that it was no longer necessary for them to notify the optioners. They could not, after that time, comply with the contract, but the contract specifically set forth that the optionee could either notify them or their assigns. The plaintiffs were not deprived of any right by this act of the defendants. The optionors could not waive the right to have written notice of the acceptance of the contract, the rights of a third party had intervened. They no longer had any interest in the land. The Wheeling Coal Railroad Company owned the land subject to this optional contract and was entitled to have the conditions complied with as written in the contract before it could be called upon to execute it.

> "A waiver is not allowed to be operative where it would infringe upon the rights of others, or would be against public policy, or morals." 27 R. C. L. 909.

It is said that the payment of the $100.00 paid was: "Notice of election, if notice was necessary." We can not so hold; to do so would be in plain violation of the optional contract. If such construction were placed on this contract, we

would entirely eliminate, from the contract, the requirement of written notice which makes it binding if given, and null and void if not given.

The only right that Jacobus or his assigns had, as against the optionors, or their assigns, the Wheeling Coal Railroad Company, was the privilege of accepting the option, by notice in writing, on or before September 1, 1917. That right did not give to him, or his assigns, any interest in the real estate either legal or equitable.

> "Before payment or tender of the purchase money within the time stipulated, such contract does not vest in the person to whom the offer of sale is made any title to the land, either legal or equitable, and his assignments of his rights under the contract passes no title to the assignee." *Rease* v. *Kittle*, 56 W. Va. 270.
>
> "Where an option has been given upon land, which has not been converted into a binding contract by acceptance in accordance with its provisions, specific performance thereof can not be enforced." *Pollock* v. *Brookover*, 60 W. Va., 75.

There has been much authority cited, by the plaintiff, in support of the proposition that verbal acceptance was sufficient to create a binding executory contract out of the option in this case. The cases cited, on this point, are: *Whalen* v. *Manley*, 68 W. Va., 328; *Burner* v. *Burner*, 115 Va., 484, 79 S. E. 1050; *Boyden* v. *Hill*, 198 Mass., 477; *Pearson* v. *Millard*, 150 N. C. 303. Upon an examination of these cases, we fail to see where either of them hold that a verbal notice is sufficient where a written notice is required. In the case of *Pearson* v. *Millard*, *Id.*, the court held, citing *Weaver* v. *Burr*, 31 W. Va., 736; *Smelting Company* v. *Beldon*, 127 U. S., 379, and *Kessler* v. *Crowther*, 162 U. S. 404:

> "It is, of course, elementary, and sustained by a uniform current of authorities that, as in any other proposition to sell, the acceptance must be in accordance with the terms of the option."
>
> "The party making the offer may prescribe a mode in which acceptance must be made. If the offer requires the acceptance to be made in writing no other form of acceptance can be made." *Page on Contracts*, sec. 185.

"An option is not an actual or existing contract for the sale of property. It is a proposition by one party for a consideration, which must be accepted within the specified time in the precise terms named before it becomes a binding contract. If not so accepted it does not become a contract, and the option is at an end." *Wiswell* v. *Bresnehan,* 84 Me. 397; *In re Assessment of Aurora Gas Light* v. *Coke and Coal Co.,* 113 N. E. 1942.

This is a unilateral or optional contract and became bilateral and binding on both the optionors and the optionees or their assigns, upon the service of the written notice of acceptance on or before September 1st, 1917. The optionors doubtless, desired to have, in their hands, the evidence of a written contract for the sale of their land; a contract which they or their assigns could enforce if the optionee, or his assigns, refused to comply with it after having given the notice as required by the contract.

The decision of the lower court in sustaining the demurrer to plaintiff's bill is affirmed.

*Affirmed.*