# CHARLESTON.

HANS WATTS REALTY COMPANY *et al. v.* NASH HUNTINGTON SALES COMPANY

(No. 6402)

Submitted February 12, 1929.    Decided March 5, 1929.

*Holt & Holt,* for plaintiff in error.

*George I. Neal* and *Geo. S. Wallace,* for defendant in error Realty Company.

LITZ, JUDGE:

The plaintiffs, Hans Watts Realty Company and C. W. Cammack, leased to Nash Motor Sales Company, by parol, for a term of five years from February 1, 1923, at a rental of $300.00 per month, payable in advance, a garage building in the city of Huntington. The Nash Motor Sales Company and its assignee, Nash Huntington Motor Sales Company (originally named Nash-Ajax Motor Sales Company) occupied the premises and paid the rent according to the contract from the commencement of the lease until May 31, 1927, when the defendant, Nash Huntington Motor Sales Company, after giving a month's notice to the plaintiffs of its intention to do so, vacated the premises and refused longer to pay rent.

Thereafter the lessors instituted several actions against the defendant before a justice of Cabell county to recover successive monthly rentals upon the theory that the tenancy was from year to year. Judgments having been rendered in each case on appeal to the court of common pleas, this writ was awarded to the judgment of the circuit court (in one of the cases) affirming the ruling of the court of common pleas. The solution of the issue presented depends upon whether the possession and payment of rent under the void lease created a tenancy from year to year, as claimed by the plaintiffs, or a tenancy from month to month, according to the contention of the defendant.

"Where a person enters into the occupation of land under an invalid lease, the authorities agree that the relation of landlord and tenant results. The difficult question in such a case is the determination of the character of such a tenancy. It would seem on principle that the tenancy in its incipiency, in the absence of statutory provision, should be regarded as a tenancy at will, and the same would be true when a lessee remains in possession after the expiration of his term under an invalid lease for a further term. Where, however, after entry under an invalid lease for a term of years *reserving a yearly rent*, though such rent is payable in one or more installments, and one or more installments are received and accepted as such by the owner, the tenant according to the weight of authority becomes a tenant from year to year. On the other hand, where the invalid lease reserves a rent payable in monthly installments, and the tenant pays and the landlord accepts one or more monthly installments, there is authority for the position that the tenancy would become one from month to month." 16 R. C. L. 575. The rule, as stated in 35 C. J. 1107, follows: "Where a party enters into possession of premises under a verbal letting, which is void under the statute of frauds, *agreeing to pay rent monthly*, and pays rent under the contract for a time, he becomes a tenant from month to month, and this is so where the lease is otherwise void or defective, and the provisions of the void, lease are pertinent to the ascertaining of terms of the tenancy and the payment of rents." *Falck* v. *Barlow*, 110 Md. 159, holds

that the possession and payment of rent under a void lease providing for a *yearly* rent is a tenancy from year to year. In an annotation to the case, as reported in 17 Ann. Cas. 538, it is stated as the holding of a number of authorities, including the reported case, that the possession and payment of a yearly rental under a lease invalid by reason of the statute of frauds or for other causes is a tenancy from year to year; but that possession and payment of rent under a void lease providing for a monthly rent, creates a tenancy from month to month. In considering the extent to which a lease, void under the statute of frauds, will be looked to in determining whether a tenancy thereunder is from year to year or from month to month, 2 Thompson on Real Property, at page 42, states: ''If the void lease can be looked to for the purpose of determining the duration of the term, the statute of frauds is evaded beyond doubt; *so the question whether the payment of rent was made with reference to a yearly, monthly, or other holding should be determined without reference to the void demise. To create a year to year tenancy, payment of rent must mean payment with reference to a yearly holding.''*

JUDGE BRANNON, speaking for the Court, in *Arbenz* v. *Exley, etc.,* 52 W. Va. 476, said: ''I think 1 McAdam, Landl. & Ten. 66, lays down sound law thus: 'Where a lease is void by reason of the provisions of the statute, that does not render the contract an illegal or unlawful one, if the parties choose to perform it. If the lease is verbal, and the term is longer than one year, it is void in the limited sense that neither party can compel the other to perform it. The landlord need not, in such case, give the tenant possession of the premises, if he choose not to do so; and no action will lie by the tenant against the landlord in consequence thereof. Nor need the tenant take possession in such case. No action will lie against him, if he does not. The parties may, however, go on and perform the agreement, though they could not be compelled to do so. And if the tenant goes into possession of the demised premises and occupies them, he will be bound to perform the agreement, by paying the rent agreed for such time as he may remain in possession in the same manner as though the lease had been reduced to writing. *And*

*if by reason of the manner of paying rent, as by the year, a yearly tenancy is implied by law, the tenant may make himself liable for the year's rent.'* "  The opinion further states: "It is suggested that this is a tenancy from month to month, and that the letter from the tenants surrendering would close the lease at once or a month thereafter; but the lease covenants for a rent of '$700.00 per annum for each and every year commencing from and after the 1st day of April, 1896, payable in equal monthly installments.' This is a yearly rent, payable monthly, and does not make it a monthly tenancy, in face of another clause making the term begin 1st January. *Sully* v. *Murray,* 34 Mo. 420; *Irving* v. *Thomas,* 18 Me. 418; 18 Am. & Eng. Enc. L., (2nd ed.) 196." In *Allen* v. *Bartlett,* 20 W. Va. 46, it is held that where a lessee holds over after the end of the term, providing for a yearly rental, the tenancy is one from year to year. *Drake* v. *O'Brien,* 83 W. Va. 679, and *Rees* v. *Coal Mining Co.,* 88 W. Va. 15, also decide that the development and operation (for a period of years) of lands for mining purposes, and payment of rents and royalties, under a parol lease, creates a tenancy from year to year. "Reason as well as the weight of judicial authority justifies us in holding, as the circuit court did, that simply holding over after the expiration of the lease containing a bare covenant to renew (for a period of five years) and paying rent according to the terms of the old lease (for one year), does not amount to an election to renew, but constitutes the tenant a tenant from month to month or year to year, depending on the terms of the lease as to rent or rental periods. This view is consonant with the general rule that holding over after the expiration of the term of years, or a monthly term, and paying rent according to the terms of the lease, constitutes the tenant a tenant from year to year or month to month as the case may be. *Drunkard* v. *Heptinstall,* 55 W. Va. 320; *Allen* v. *Bartlett,* 20 W. Va. 46; *Arbenz* v. *Exley, Watkins & Co.,* 52 W. Va. 476; *White* v. *Sohn,* 65 W. Va. 409; *Kaufman* v. *Mastin,* 66 W. Va. 99." *Whalen* v. *Manley,* 68 W. Va. 328. In *White* v. *Sohn,* cited, it is said: "The foundation upon which the selection of a year as the unit was based seems to be that an annual rent was reserved

in farming leases—the prevalent ones in England from which this doctrine mostly sprung. It was the natural and fair period for that character of lease, including all the seasons, so as to permit sowing, cultivation, harvesting and garnering. But the reasons to sustain the presumption or implication that by holding over there is a renewal for a year in a. lease for agricultural purposes, with annual rent reserved, do not necessarily apply to one of different character, governed, as it should be, by the considerations actually related thereto. 'It is often stated that tenancy from year to year has been implied from the earliest times, whenever there was a general holding, without regard to annual rent or other circumstances pointing to a yearly tenancy. * * * But such a proposition is not borne out by authority.' Taylor on Landlord and Tenant, section 55, note 3. It may be noticed that Mr. Minor expressly recognizes the implication aforesaid as arising from the reservation of a yearly rent. 2 Institutes (2nd Ed.) 173.'' *Pythian Lodge* v. *Smith*, 94 W. Va. 718, construes a holding over under a parol lease for an extension of five years at a rental of $50.00 per month as a tenancy from month to month.

Although many cases state as the general rule that possession and payment of rent under a void lease for one or more years creates a tenancy from year to year, we are of opinion that the rental periods should be taken as the criterion, in the absence of other evidence of a different intention, in determining whether or not the tenancy is from year to year or month to month, especially where, as in this case, the rent is payable in advance, and the premises are urban property.

The judgment is reversed, the verdict set aside, and a new trial awarded.

*Reversed and remanded.*