### B. I. Nach *v.* John A. Mendrell

(No. 6750)

Submitted February 11, 1931. Decided February 17, 1931.

140

*Patrick J. McGuire,* for plaintiff in error.

*R. L. Ramsay* and *W. S. Wilkin,* for defendant in error.

LIVELY, PRESIDENT:

B. I. Nach instituted this action to recover rent under a written lease; verdict and judgment were for plaintiff, and defendant (lessee) prosecutes this writ of error.

B. I. Nach, in writing, leased a certain building to John A. Mendrell for a period of one year beginning August 1, 1925. The written lease contained the following covenant which presents the main controversy in the case: ''And it is further agreed by the parties hereto that should the said party of the second part comply with each and every provision herein contained on his part to be complied with, then he shall have the right and option to a further lease at the expiration of this lease for the further term of four (4) years, upon the same conditions and for the same rental for which this lease is given.'' Lessee remained in the premises for a period of twenty-two months after the expiration of the one year provided for in the lease. No written notice of his intention to vacate the premises was given the lessor, whose testimony that the lessee had, both before the expiration of the one-year lease and thereafter, verbally notified the lessor of his intention to remain in the building for the further term of four years is denied by the lessee. The purpose of this action is to recover rent for the remainder of the four years. Defendant pleaded non-assumpsit except as to two months' rent, tendered into court to complete the third year of his tenancy. The theory of the plaintiff, sustained by the lower court, is that the written lease contemplated an extension of the original term and did not anticipate the execution of a new lease for a period or four years, as contended by defendant.

The construction of the covenant quoted above is the problem of the court. As a general rule, in construing provisions in a lease where there is any uncertainty, the tenant is

favored. *Hacquard* v. *Sweetwine,* 92 W. Va. 681; *Ammar* v. *Cohen,* 96 W. Va. 550. The covenant states that the lessee is to have an option "for a further lease." The dictionary defines the term *further* as *additional;* and in the absence of facts or circumstances to create a contrary meaning, the plain and ordinary dictionary definition is followed. *Hall* v. *Philadelphia Co.,* 72 W. Va. 573. Moreover, the right to the "further lease" was conditional and depended upon lessee's full compliance with the terms of the agreement during the term of one year. In addition to the obligation to pay rent, lessee was in duty bound to keep the premises in good repair and to return the premises in a like condition at the end of the term. The lessee's legal obligation could not be fully met until the moment the original term had expired, and any violation of the written lease before that time would have vitiated the option. Hence, the exercise of the option could not be effected without first determining from the landlord his approval of the lessee's conduct during the first year's tenancy. We, therefore, conclude that the covenant created a right to a renewal, and contemplated the making of a new lease at the end of the first year. Counsel for plaintiff argues that the case of *Hacquard* v. *Sweetwine, supra,* is decisive of the issue raised in the instant case. In the *Hacquard* case, the lease gave the lessee the "first privilege of renting said premises for five years longer," and the court was then called upon to answer the question whether the lessee could exercise the right of renewal at the end of the first term irrespective of the lessor's wish to cease to rent the premises. Such a question is not now presented to the court.

Our next inquiry is, in the absence of a newly executed lease, what was the legal effect of the lessee's remaining in possession of the premises for twenty-two months after the expiration of the original term? While the decisions on this question are conflicting, *Whalen* v. *Manley,* 68 W. Va. 328, is responsive to the quaere in this jurisdiction. "Simply holding over after the expiration of a lease containing a bare covenant to renew, and paying rent according to the terms of the old lease, does not amount to an election to renew." In the instant case, the rental for the original term was

$960.00 annually, payable in monthly installments of $80.00. This arrangement of payment, according to our prior decisions, constituted the lessee a tenant from year to year. *Allen* v. *Bartlett,* 20 W. Va. 46; *Arbenz* v. *Watkins & Co.,* 52 W. Va. 476.

Being of the opinion that the lower court erred in its construction of the covenant in question, we reverse the judgment of the lower court and remand the cause for a new trial.

*Reversed and remanded.*

Upon application for a rehearing, counsel for B. I. Nach, plaintiff below, cited *Mattlage* v. *McGuire,* 111 N. Y. S. 1083, which had not been previously cited or considered by the Court; and, in order to consider that case in connection with the one at bar, we granted a re-hearing. Upon re-argument and re-consideration, we are of the opinion that the language used in the respective leases distinguishes the cases.

In *Mattlage* v. *McGuire, supra,* the lease contained the following covenant: "And it is further covenanted and agreed by the party of the first part that party of the second part may have a further lease of the premises hereby demised for a period of six years from February 1, 1903, at a yearly rent or sum of six thousand and five hundred dollars ($6,500), provided said party of the second part gives to party of the first part written notice of his desire to have such lease on or before December 1, 1902." All that was requisite to avail lessee of the privilege was a written notice, which he gave; and having done so, the lessor was legally bound to execute a new lease or treat the original as continuing. But, in the instant case, the covenant required, not only the consent of lessee "to a further lease" but that of the lessor as well, as soon as the original lease expired. It contemplated a mutual assent before the "further lease" began.

Counsel contend that *Whalen* v. *Manley,* 68 W. Va. 328, is decisive of this case, and quote from the language thereof where the court states that text-writers and decisions recognize "the distinction between leases containing covenants to renew, on the same or different terms, and those containing

covenants to continue, extend, or containing such words as 'with the privilege of keeping,' 'with the privilege of desired,' or *'at the option of the lessee for a further term';"* and presumably it was the last term quoted on which counsel specifically relied; but that term is like that used in the New York case and hence is not applicable herein. In the *Manley* case, the lease was "for the term of twelve months, with the privilege of renewal" for five years if the lessee so desired. The court found that the lessee had not given any notice of his election to exercise the privilege, and so held that simply holding over after the expiration of a lease containing a bare covenant to renew, and paying rent according to the terms of the old lease, does not amount to an election to renew. Since the language of the instant case differs from that of the *Manley* case, the latter cannot be said to be authoritative in interpreting the lease now before us.

Because of lessee's bankruptcy, which, on re-hearing, was stated to have occurred since the decision here, counsel insist that even though the lease be construed as requiring a renewal the lessor is entitled to a year's rent and ask that we render judgment here for $960.00. If the controversy were in a court of equity, we might enter such decree as the lower court should have pronounced; but the case is at law. When the verdict is set aside for error, the case must be remanded for another trial and verdict. We cannot enter judgment here *non obstante veredicto.*