[No. 3,909.]

## W. A. GETT v. M. McMANUS.

IMPROVEMENTS MADE BY TENANT.—When it is provided in a lease, that improvements made on the premises during the term of the lease, shall be made at the expense of the tenant, and that at the expiration of the term he shall surrender the premises to the lessor, all improvements made by the tenant which become a part of the freehold, are the property of the landlord.

APPEAL from the District Court of the Sixth Judicial District, Sacramento county.

The action was brought to recover the value of a brick house erected by the plaintiff on lot No. 7, in the block between H and I, Sixteenth and Seventeenth streets, city of Sacramento. In 1861 the lot was leased by E. A. Platt, who owned it, to the plaintiff for two years, reserving a right of re-entry for non-payment of rent, and providing that all improvements and alterations in and upon the premises during the term of the lease, should be made at the expense of the plaintiff, and that at

the expiration of the term, the tenant should surrender possession of the premises. The plaintiff built a one-story brick house, 20 by 40 feet in size, upon the lot. In 1869, the defendant purchased the lot of Platt, and took possession. At the trial the plaintiff testified that he remained in possession of the premises from 1861 until April, 1869; that in 1868 Platt said to him that he could not pay for the improvements at that time, but told the plaintiff "to remain in possession of the property and pay taxes upon it, and when the courts moved up there, he would make some other arrangement." He also testified that he never intended to take the building off, as he supposed Platt might pay him for it. Platt testified that he always considered the building belonged to Gett, and that he had so informed the agent of the defendant. Judgment having been rendered for the plaintiff, the defendant moved for a new trial; the motion was denied, and he appealed from the judgment and from an order denying his motion for a new trial.

*George Cadwalader*, for Appellant, cited 2 Wash. R. Prop. 625; *Buckhout* v. *Swift*, 27 Cal. 435; *Haner* v. *Lathrop*, 38 Cal. 497; *Poor* v. *Oaken*, 104 Mass. 309; Taylor's Landlord and Tenant, Sec. 551. He argued that the deed from Platt to the defendant, gave him a right to the house as well as to the lot.

*D. E. Alexander*, and *Freeman & Alexander*, for Respondent, argued that the testimony showed that the building had been erected by license, and referred to Wash. on R. Prop. Sec. 4; *Aldrich* v. *Parsons*, 6 N. H. 555; *Osgood* v. *Howard*, 6 Greenlf. 452; *Russell* v. *Richards*, 1 Fairf. 429; *Dame* v. *Dame*, 38 N. H. 429; 97 Mass. 283; 13 Mich. 37; 53 Penn. S. 273; 33 N. H. 66; 97 Mass. 279; 14 Cal. 70.

By the COURT:

The improvements erected by Gett, under the terms of the lease he obtained from Platt, became part of the freehold, and were the property of the lessor, and so passed by

his deed to McManus. There is nothing appearing in the circumstances of this case which could operate to change the character of the improvements in this respect or constitute them the mere personal chattels of the plaintiff.

Judgment reversed and cause remanded with directions to dismiss the action.