**Richmond.**

PEIRCE v. GRICE.

APRIL 2, 1896.

1. LANDLORD AND TENANT—*Lease for a Term—Erection of Buildings—Removal of Buildings—Renewals on Like Terms.*—Where the terms of a lease require the lessee to erect buildings upon the leased premises, and there is no agreement for their removal by the lessee, he has no right to remove them. A contract of lease for a period of ten years, with the option to lessor at the end of that period to renew for another period of ten years upon like conditions, or else pay for the buildings erected by the lessee, is satisfied by one renewal for the period of ten years, and, at the expiration of that period, the lessor is entitled to the possession of the leased premises, including the buildings.

2. LANDLORD AND TENANT—*Holding Over—Terms of Holding.*—Where a landlord permits a tenant for a term of years to hold over after the expiration of his term, without any new agreement, he becomes a tenant from year to year, on the terms of the former lease so far as applicable to the new situation; and this rule is not affected by the fact that the buildings on the leased premises were erected by the lessee under the terms of his original contract.

Error to a judgment of the Hustings Court of the city of Portsmouth, rendered July 24, 1893, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

This was an action of *assumpsit* in the Hustings Court of the city of Portsmouth on an open account for $1,500, claimed by the plaintiff for the use and occupation of a store-

house in the city of Portsmouth. Margaret Pinner, being the life tenant of certain unimproved real estate in the city of Portsmouth, entered into a building lease with George O'N. Palmer on September 3, 1867, by which she agreed to lease said real estate to him for a period of ten years from January 1, 1868, at an annual rent of $275, payable quarterly; and Palmer agreed, amongst other things, to erect on the land a two-story brick store to be worth not less than $4,000, and to pay all taxes assessed on the lot during the term. It was further agreed by the lessor "that, at her option, at the termination of the lease, ten years from the 1st of January, 1868, she would continue the lease for a further term of ten years on the same terms and conditions," and, if she did not so continue it, would pay the lessee the full value of the buildings. The store-house was duly erected, as required by the agreement of the parties. The lessor died in 1870, and the property passed to the plaintiff. The lessee assigned his term, and all benefits of his contract, in 1869, and his assignee died in 1875, having devised or bequeathed the lease, and all benefit of said contract, to the defendant.

After the end of the first term of ten years, January 1, 1878, rent was paid and accepted as theretofore until January 1, 1888, and after the latter date the defendant continued to pay and the plaintiff to receive rent as theretofore, at $275 *per annum,* nothing being said by either party as to any other terms until September 1, 1892, when the plaintiff asserted a claim for *use and occupation of the building* since January 1, 1888, admitting that the ground rent of $275 a year had been paid. The defendant refused to recognize the demand, claiming the right to use the building for the consideration of the ground rent alone pending the tenancy, and, on its termination, the right to remove the building. The plaintiff thereupon instituted his action of *assumpsit* for use and occupation of building from January 1, 1888, till January 1,

1893, at the rate of $300 a year. There was a verdict and judgment in favor of the defendant. On the trial the plaintiff asked an instruction, marked "No. 2," which the court refused to give, and this is assigned as error. The instruction was as follows:

"If the jury believe from the evidence that George O'N. Palmer became the tenant of the premises in question, under the deed of lease from M. Pinner offered in evidence, for a period of ten years from 1st January, 1868, on the terms stated in said deed, and that at the end of the said term the defendant, as legatee of George W. Grice, without any express contract with the plaintiff other than that contained in said lease, continued in possession of the premises, paying the rent for the said land, as agreed upon in said lease, until January, 1888, a second term of ten years, and that since the 1st January, 1888, she has continued in possession of the premises without any express contract with the plaintiff other than that contained in said lease, the court instructs the jury that the defendant, by such holding over after January, 1888, became. tenant from year to year of the land in said lease described, upon the terms stated therein, and the plaintiff became the owner of the buildings on said land on the 1st day of January, 1888; and if they believe the defendant has occupied and used said buildings, with the said land, since that time, the plaintiff is entitled to recover a reasonable compensation for the use and occupation of said buildings from January, 1888, to the bringing of this suit."

*Burroughs & Bro.*, for the plaintiff in error.

*Watts & Hatton*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

By the lease of the 23d of September, 1867, the lessor had

the option to continue the same for another term of ten years, upon the same terms and conditions, or to pay the lessee the value of the buildings which, by the terms of the lease, he was required to erect upon the leased premises. At the expiration of the first ten years the lessor continued the lease by allowing the lessee to occupy the premises and by demanding and receiving the same rent therefor. After the expiration of the second term of ten years the party claiming the premises (the plaintiff in this action) asserted a claim against the lessee's assignee (the defendant) for an additional sum of $300 annually, for a period of five years, for the use and occupation of the buildings erected upon the leased premises.

For the recovery of that sum of $1,500, which the defendant refused to pay, this action was brought.

The defendant resists its payment on two grounds :

First. That the building, which was a two-story brick store, was erected by the lessee for the purpose of carrying on his business, and that he had the right to remove it as a trade fixture upon the expiration of his lease, and was therefore using and occupying his own and not the plaintiff's property.

This contention cannot be sustained. By the terms of the lease the lessee bound himself to erect the store-house within six months after the lease was made, and was allowed to enter upon the leased premises more than three months before his term commenced, in order that he might be able to complete it within the time fixed. The erection of the building was an inducement to, and a part of the consideration for, the lease.

The lessee, in consideration of his expenditure in erecting the building; and of the rent reserved, was entitled to hold the leased premises for two terms, of ten years each, unless the lessor exercised his option not to renew the lease for the second term, in which event he was required to pay the lessee the then value of the building. Taylor on Land. and Ten.,

sec. 332 to 334; *Rutgers* v. *Hunter*, 6 Johns. Chy. 215; *Casey* v. *Ellison*, 20 Wend. 178.

As the lease was continued for twenty years, the full period which the lessee was entitled to, the lessor had, at the expiration of that time, the right to the possession of the leased premises, including the store-house. Where the terms of the lease require the lessee to erect buildings upon the leased premises, and there is no agreement for their removal by the lessee, he has no right to remove them. We do not think that the doctrine of fixtures has any application to this case.

The other ground upon which the defendant relies is, that he neither expressly nor by implication undertook to pay any other or greater amount than he has paid.

From the agreed state of facts it appears that the defendant held the premises after his lease had expired for nearly five years before any demand was made upon him for the sum sued for. During that period he paid $275 annually, in quarterly instalments, as provided for in the lease. There was no new agreement between the parties, continuing or changing the original lease. The plaintiff was therefore entitled to receive, and the defendant bound to pay, such sum for the use and occupation of the premises as the law implied under the circumstances of the case.

Where a landlord allows a tenant for a term of years to hold over after the expiration of his term, without any new agreement, he becomes a tenant from year to year, and the law presumes the holding to be upon the terms of the former lease so far as they are applicable to his new situation. 2 Minor's Inst., 200–1 (4th ed.); Taylor on Land. and Ten. sec. 525; *Digby* v. *Atkinson*, 4 Campbell 275, 277; *Doe* v. *Bell*, 5 Term Rep. 471–2; *Young* v. *Buchanan*, 10 Gill & John. 149; *Phillips* v. *Mergis*, 5 Whart. 226.

Upon the implied contract growing out of the defendant's holding over, he was only bound to perform, and the plaintiff

was only entitled to exact from him, the performance of those obligations imposed by the original lease. And, it being admitted that such obligations had been discharged, the plaintiff was not entitled to recover in this case.

From what has been said, it is clear that Instruction No. 2, offered by the plaintiff, was properly rejected by the court.

Upon the whole case, we are of opinion that the judgment of the Circuit Court must be affirmed.

*Affirmed.*