ANSEL C. BOYD *v.* HENRY DOUGLASS.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON, and WATSON, JJ.

Opinion filed November 30, 1900.

*Fixtures—What ordinarily removable by tenant, immaterial when lease is decisive* —When a tenant is precluded from removing a fixture by the character of the lease under which he holds the demised premises, facts from which an intention to remove existing at the time of the annexation of the fixture might otherwise be presumed, and which might otherwise make the fixture removable by the tenant, are immaterial.

*Building as a fixture—When not removable by a tenant*—A building, erected by a tenant on the demised premises pursuant to a covenent in the lease, is not removable by him unless the lease gives him a right to remove it.

*Building as a fixture—Construction of lease requiring erection of building and reserving no rent*—A building was not removable by a tenant which was erected by him on the demised premises under a lease for five years, which reserved no rent, but required the erection of the building within one year on pain of forfeiture, and which gave no right of removal.

TRESPASS, to determine the right of a tenant to remove a certain building from premises in question. Trial by court,

29

Windham County, March Term, 1900, *Start*, J., presiding. By agreement of counsel the facts were found and filed by the presiding judge in vacation. Judgment on facts found for the defendant to recover his costs. The plaintiff excepted.

The lease in question, the terms of which are sufficiently set out in the opinion, was dated and recorded June 27, 1896. Thereafter the building in question was erected on the demised premises by the lessee under his lease. On the 19th day of October, 1899, the plaintiff was in possession of the premises by virtue of a warranty deed from the lessor, and on that day the defendant, acting under the direction of the lessee, entered upon the premises for the purpose of moving the building therefrom and was attempting to do so when the plaintiff notified him to desist and this suit was brought. The suit was brought for the purpose of determining the ownership of the building and the plaintiff on trial claimed only nominal damages.

*Charles S. Chase* for the plaintiff.

*Arthur P. Carpenter* for the defendant.

MUNSON, J. If the nature, purpose and manner of annexation of the building in question are such as would ordinarily make it removable by the tenant, the defendant is nevertheless precluded from removing it by the character of the lease. The lease is for five years without reservation of rent, requires the erection of a specified building in one year on pain of forfeiture, and gives no right of removal. The building erected under this lease cannot be treated as a removable fixture. A tenant's right of removal rests upon the ground that the fixture is annexed for his own benefit, and not to enhance the value of the freehold. An intention to remove it is presumed to exist at the time of annexation, and this intention is held to prevent its becoming inseparably connected with the realty. But there is no room for these considerations when the demise stands upon a condition which requires the annexation. The only intention which can then be recognized is that evidenced by the agreement.

The facts from which a contrary intention would be deduced in the absence of such an agreement are made immaterial by its existence. In whatever manner the fixture may be annexed, the lessee will have no right to remove it, if the lease requires its annexation, and affords no indication that the connection was intended to be temporary. A building erected by a tenant on the demised premises pursuant to a covenant in his lease is not removable, unless the lease gives him a right to remove it. 13 A. & E. Ency. Law. 2d. ed. 660; *Dean* v. *Hutchinson,* 40 N. J. Eq. 83 ; *Price* v. *Grice,* 92 Va. 763 ; *Gett* v. *McManus,* 47 Cal. 56 ; *New York* v. *Brooklyn Fire Ins. Co.* 41 Barb. 231.

*Judgment reversed and judgment for plaintiff for one cent damages and costs.*