**Richmond.**

Powell v. Pierce.

February 2, 1905.

1. Landlord & Tenant—*Lease for Term—Erection of Buildings—Renewal of Lease on Same Terms—Removal of Buildings.*—Upon a lease for ten years at an agreed rent, renewable for a like period upon the same terms, at the option of the lessor, upon giving six months' notice, where the contract stipulates that the lessee shall erect buildings at once, and, if lessee elects to terminate the lease at the expiration of the first term, he shall pay for the buildings at valuation made by arbitrators, and, if he fails to pay for the buildings, the lessee shall hold as tenant from year to year at the same rent, subject to the ordinary notice to terminate the tenancy at the end of any year, at which time the lessor is to pay as aforesaid for the buildings, if no notice to terminate is given by the lessor, and the lessee holds for more than a full second term of ten years, the lessor may, upon notice, terminate the tenancy and recover the leased premises, including the buildings, without paying for the latter. The failure of lessor to give the six months' notice of his intention to renew the lease, entitled the lessee, at the expiration of the first term, to decline to accept the second, and to demand pay for his buildings, but having failed to do this, and having enjoyed the leased premises for a longer period than the second term, he is deemed to have waived the notice required of the lessor, and cannot now claim that he was tenant from year to year for all these years and claim compensation for the buildings.

Error to a judgment of the Hustings Court of the city of Portsmouth, in an action of unlawful detainer, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

This case involves the construction of a written lease. The point in dispute is the liability of the lessor for the value of a building placed on the leased premises by the lessee. The contract, after setting out the terms of the lease for a period of ten years, contains the following clause relating to a renewal and compensation for the buildings:

"It is furthermore agreed upon and covenanted by the said Margaret Pinner for herself, her heirs and representatives and by the said Edward Powell and James W. Alexander, their heirs and representatives, parties as aforesaid to this instrument that at the termination of this lease it shall and may be optional for the said Margaret Pinner, her heirs or representatives as aforesaid or for any one in the name of the rest to continue the same for a further period of ten years upon the same terms, covenants and conditions as herein expressed for the first ten years by giving the said Edward Powell and James W. Alexander their representatives or assigns, or any one of them six months' notice previous to the termination of the same. But in case he or they or any one of them do not so continue the same she or they shall pay to the said Edward Powell and Jas. W. Alexander, their representatives, &c., the full value of any buildings erected upon the property in cash, the same to be valued by three disinterested persons, each of the parties to these presents choosing one, viz: Margaret Pinner, her heirs, &c., to choose one, Edward Powell and Jas. W. Alexander, and their heirs, to choose one, and these two so chosen to choose a third to value the improvements and report in writing. In case the said lessor, her heirs or representatives, should from any cause fail to make the said payment for the buildings in cash as aforesaid, the said lessees, their heirs or representatives, shall have the legal right and power to hold over, and it is here agreed and covenanted that they shall hold over as tenants from year to year subject to ordinary notice

to terminate the tenancy at end of any year, at which time the lessors shall pay as aforesaid for the buildings, and until such payment no increase of rent shall be demanded and the tenancy shall in all respects be according to the terms, conditions and covenants contained in this lease."

"Witness the following signatures and seals."

*R. C. Marshall* and *Jno. W. Happer,* for the plaintiff in error.

*Burroughs & Bro.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The writ of error in this case is to a judgment of the Court of Hustings for the city of Portsmouth, rendered in behalf of the defendant in error, plaintiff in the trial court, in an action of unlawful detainer, to recover possession of a lot, with the buildings and improvements thereon, situated in the city of Portsmouth.

It appears that by a lease bearing date October 4, 1867, the lot in question was demised to the defendant for the term of ten years, from January 1, 1868, at a yearly rent of $185, the lessee also covenanting to pay all taxes accruing upon the property during the continuance of the lease, and to erect upon the lot a two-story brick building, not to be worth less than $1,500, and to be completed within six months from the date of the lease. It was further stipulated that at the expiration of the first term, it should be optional with the lessor to con-
.tinue the lease for a second term of ten years, on the same terms, upon giving six months' notice of his purpose to renew prior to the expiration of the first term. The lessor also covenanted, if the lease was not so continued, to pay the lessee the full value of the buildings erected by him upon the property in cash, the same to be valued by three disinterested persons,

each party to choose one, and the two so chosen to select the third. It was further agreed that, if from any cause the lessor should fail to pay for the buildings according to the terms of his covenant, the lessee should have the right to hold over as tenant from year to year, subject to the ordinary notice to terminate the tenancy at the end of any year, at which time the lessor should pay for the buildings; and, until such payment, no increase of rent was to be demanded, and the tenancy was in all respects to be according to the terms of the lease. It also appeared that the lessee took immediate possession under the lease, and erected the buildings in accordance with its terms.

The six months' notice of lessor's election to continue the lease was not given, but the lessee remained in the quiet and undisturbed possession of the premises, and continued to pay taxes and the rent reserved, and the lessor continued to receive the rent until January 1, 1903. At that date the lessee was in arrears for rent to the amount of $252.50; and on July 1, 1902, the lessor served notice upon him that he was *at that time* a tenant from year to year, and that the tenancy would expire January 1, 1903, at which time he would be expected to surrender possession of the premises. Until the date of that notice nothing had been said by either party as to the termination of the tenancy, or that the premises were held on terms other than those prescribed in the lease; nor had any demand been made by the lessee with respect to paying for the buildings.

The error assigned is that by the terms of the lease the lessor was not entitled to recover possession of the premises until the buildings were paid for.

On the other hand, it is insisted by the defendant in error that this case is ruled by the decision of this court in *Pierce* v. *Grice*, 92 Va. 763, 24 S. E. 392.

Both cases involve the construction of building leases; the lessor was the same in each; the first terms of ten years com-

menced at the same time; and the option to renew for a second term of ten years on the terms of the first lease was, in both instances, vested in the lessor, with a stipulation that upon the failure of the lessor to renew for the second term he should pay the lessee the value of the buildings. In both cases, at the end of the first term of ten years, nothing was said by either party with regard to renewing the leases, but the lessees continued to hold possession of the premises to the end of the second term, paying rent and taxes, and the lessor receiving the rent in the same manner as during the first term.

In *Pierce* v. *Grice, supra,* after the expiration of the second term of ten years, the lessor brought an action of assumpsit against the lessee to recover the sum of $300 annually, for the period of five years next preceding the institution of the suit, for the use and occupation of the buildings erected upon the leased premises. The ground upon which the defendant denied liability was that the buildings in question were his property, and that the plaintiff had, therefore, no right to recover any amount for their use and occupation. But the court held: "That a contract of lease for a period of ten years, with the option to the lessor at the end of that period to renew for another period of ten years, upon like conditions, or else pay for the buildings erected by the lessee, is satisfied by one renewal for the period of ten years."

The plaintiff in error maintains that the lease in the case in judgment is to be distinguished from that in *Pierce* v. *Grice, supra,* in this, that in the latter case it was merely left optional with the lessor to continue the lease, while in this case the lessor was required to give six months' notice, previous to the termination of the first term, of his election to continue the lease. Attention is also called to the fact that, upon a failure to give the required notice and pay for the buildings, the lessee was to become a tenant from year to year, subject to the

ordinary notice to terminate the tenancy at the end of any year, at which time the lessor was to pay for the buildings.

With respect to these contentions, it is not perceived that the difference between the leases materially affects the question at issue. The failure of the lessor to give the six months' notice of his intention to renew the lease, entitled the lessee, at the expiration of the first term, January 1, 1878, to decline to accept the second term, and to at once demand pay for the buildings. But he *impliedly* waived that notice, and, having accepted all the benefits that could have accrued from a formal renewal of the lease for the full period of the second term, he cannot now be permitted, by shifting his position, to reap the additional advantage of receiving pay for the buildings, on the theory that he was holding all these years as tenant from year to year. If it was his purpose to stand on the letter of his contract, fair dealing required that he should have repudiated responsibility under the second lease for want of notice, and insisted on his right to pay for the buildings when that right first accrued, and not after he had received the full benefits of the lease.

It may be said here, as was remarked in *Pierce* v. *Grice, supra*, under substantially the same state of facts: "As the lease was continued for twenty years, the full period which the lessee was entitled to, the lessor had, at the expiration of that time, the right to the possession of the leased premises, including the storehouse."

For these reasons, the judgment complained of is without error, and is affirmed.

*Affirmed.*