Staunton.

MARKS AND OTHERS V. GORIA BROTHERS.

September 20, 1917.

Absent, Burks, J.

1. LANDLORD AND TENANT—*Tenancy from Year to Year—Termination Upon Notice at Option of Either Landlord or Tenant.*— At common law it was an inseparable and invariable incident of a tenancy from year to year, that it could be terminated at the end of any yearly period, either by the landlord or tenant, by giving six months prior notice of the purpose to so terminate the tenancy. By statute (section 2785, Code of 1904), it is provided that "A tenancy from year to year may be terminated by either party giving notice, in writing, prior to the end of any year, for three months if it be for land within * * * (a) city or town, of his intention to terminate the same." In the case of a tenancy from year to year, therefore, formerly at common law and now by statute, both the landlord and tenant had and have the option to terminate the tenancy at the end of any yearly period by giving notice as aforesaid.

2. LANDLORD AND TENANT—*Notice to Quit.*—By statute (section 2785, Code of 1904), in case of a tenancy from year to year, notice of intention to terminate the tenancy is required, but other tenancies are left to be governed in this regard by the lease or contract between the parties, and notice to quit is either required or not required as may be provided for or not provided for in the agreement between the parties.

3. LANDLORD AND TENANT—*Tenancy from Year to Year—Creation by Express Contract—Option to Terminate.*—A tenancy from year to year may be created by the express terms of a lease or contract, as well as by implication of law from the holding over of the premises by a tenant with the assent of the landlord, after the expiration of a definite term of a former tenancy; but when created by the express terms of a lease or contract the distinguishing characteristic that it may be terminated by either party upon due notice to the other, is never absent.

4. LANDLORD AND TENANT—*Tenancy from Year to Year—Case at Bar.*—A lease not under seal demised the premises for a term of one year, "at a certain monthly rental for and during the term of this lease as hereinafter expressed." The lease further provided that: "It is distinctly understood and agreed between the parties hereto that the lessee shall have the option of leasing the said premises from year to year for the additional term of eight years, upon the terms, stipulations, provisions and requirements above enumerated." Before the expiration of the first term of one year, an assignment of the lease was made to the defendants and they entered into possession of the premises thereunder. Before the expiration of the said one year term the defendants gave the original lessor notice under the lease "that they would accept the optional right therein provided for and continue in possession of the building." Accordingly, the defendants held over beyond the one year term into the second year. During the second year an addendum, not under seal, was added to the lease, by which it was agreed that the defendants should have the right of renting the premises from year to year, as provided for in the lease, and that the option of leasing the same from year to year should be construed to mean that the rent from year to year should continue until the defendants should give notice to terminate the lease prior to any yearly period therein mentioned.

   *Held:* That as the lease in the instant case did not leave the option to terminate on notice with both landlord and tenant, but only with the tenant, it did not create a tenancy from year to year.

5. LANDLORD AND TENANT—*Lease—Construction.*—The term provided for in the lease, as set out in headnote 4, is for one year, and after that, "from year to year for the additional term of eight years," subject to a provision in the lease itself by which the lessors give the lessees the option to decide, in effect, whether the term shall be for one year only or for a second term of one year, or a third like term, or a fourth, or fifth, or sixth, or seventh, or eighth, or ninth like term. That is to say, the lease is for successive periods of one year each with the option to the lessees to continue for the respective periods.

6. LANDLORD AND TENANT—*Entry by Tenant—Notice.*—The relationship of landlord and tenant does not exist unless and until the tenant enters into possession. Where a term or successive terms of fixed duration is or are demised by a lease, each term ends at a time certain, to-wit, the end of the time fixed

by the lease for the duration thereof. Until or unless the tenant enters or holds over possession into one of such terms, the relationship of landlord and tenant as to such term never commences to exist. If he has entered into possession for a preceding term under the lease, and vacates the premises at or before the end of that term, the relationship of landlord and tenant ceases at the end of such term, without any notice, either from landlord or tenant, being needed to terminate it, unless the parties contract for a notice to be given.

7. LANDLORD AND TENANT—*Lease for Successive Terms—Notice to Quit.*—Where a lease demises successive terms to be held at the option of the tenant, and the tenant holds over possession from one term into another, his succeeding possession is held under the lease, for the succeeding term demised by the lease; and if that term is for a time certain, to-wit, for one year, as in the instant case, it is an estate for years, and will end at the end of such year without notice from or to him to quit, unless the lease or contract itself provides for such notice to be given. If the lease or contract provides for a notice to be given, what notice must be given, and when, depends alone upon such contract provision on the subject.

8. LANDLORD AND TENANT—*Holding Over—Tenancy from Year to Year.*—If a tenant should hold over possession of premises from one term demised by a lease into another not demised by the lease, or if demised, is so demised that the duration of such succeeding term is left uncertain by the lease, in this, that both the landlord and tenant have an option of terminating it at the end of any year, upon notice, not provided for by the lease but by law, that would create in the tenant holding over a tenancy from year to year.

9. LANDLORD AND TENANT—*Notice of Termination of Tenancy.*—A lease for successive years provided that it should continue until the tenant should give a notice to terminate prior to any yearly period therein mentioned.

   *Held:* That upon notice by the tenant being given prior to the yearly period mentioned in the lease, the tenancy, which was before that for a definite term of one year, unless another year was added thereto at the option of the lessee, was not succeeded by another term for one year, but ended at the termination of the yearly period in which such notice was given. In effect, the provision is that the notice shall be sufficient if given at any time, so that it be prior to the beginning of the yearly period mentioned therein.

10. LANDLORD AND TENANT — *Construction of Lease — Grantee Favored.*—In all cases of uncertainty the tenant is most

favored by law, because the landlord, having the power of providing expressly in his own favor, has neglected to do so; and also upon the general principle that every man's grant is to be taken most strongly against himself.

11. Landlord and Tenant—*Statute of Frauds—Tenancy from Year to Year.*—Where a tenant enters under a lease void under the statute of frauds because not under seal and for a longer term than five years (section 2413, Code of ·1904), the tenancy is one from year to year. But in the instant case, where the lease was for succeeding terms of one year each, renewable at the option of the lessee, this rule does not apply.

12. Landlord and Tenant—*Notice—Case at Bar.*—Where a lease for successive terms of one year provides for its termination by a notice to the landlord prior to any yearly period, notice for a reasonable time is not necessary. Had the lease not provided when such notice might be given, but merely required a notice, a notice for a reasonable length of time before the beginning of the succeeding yearly term would have been necessary. But the provision in the instant case is, in effect, that the notice shall be sufficient if given at any time, so that it be.prior to the beginning of a yearly period.

Error to a judgment of the Law and Chancery Court of the city of Roanoke, in a case of an attachment for rent. Judgment for plaintiffs. Defendants assign error.

*Reversed.*

### Statement of the Case and Facts.

This is a case of an attachment for rent sued out by the defendants in error (plaintiff in the court below, hereinafter designated plaintiffs), against the plaintiffs in error (defendants in the court below and hereinafter designated defendants).

The rent sought to be recovered is for the year from November 1, 1915, to November 1, 1916.

The defendants entered into possession of the premises in question, located in the city of Roanoke, under a lease which was not under seal.

The lease in question was made originally to another

lessee, and the original lessee's rights under it were assigned by the latter to the defendants; it was also made by a different lessor from plaintiffs and the original lessor's rights under it were assigned to the plaintiffs.

The lease was dated October 25, 1911, and demised the said premises for a term of one year, commencing the first day of November, 1911, "at a certain monthly rental" "for and during the term of this lease as hereinafter expressed." It further provided that "The above letting is upon the following terms and conditions," among which, in the 8th clause of the lease, was the following provision:

"It is distinctly understood and agreed between the parties hereto that the lessee shall have the option of leasing the said premises from year to year for the additional term of eight years, upon the terms, stipulations, provisions and requirements above enumerated."

None of the "terms, stipulations, provisions and requirements" referred to, are material in this case, except those above mentioned.

The original lessee entered into possession under said lease November 1, 1911. Before the expiration of the said first term of one year, the said assignment of the lease was made to the defendants and they entered into possession of the premises thereunder.

Before the expiration of the said one year term the defendants gave the original lessor notice under the lease "that they would accept the optional right therein provided for and continue in possession of the building." As a matter of fact no provision for any notice is contained in the original lease, but this is immaterial as no question is raised in the instant case with respect to the election of the defendants to continue the lease beyond the first term of one year for the second, third and fourth one-year terms.

Accordingly the defendants held over beyond the one-year term into the second year. On January 1, 1913, dur-

ing such second year, while the original lessor was still the owner of the premises an.addendum was added to said lease (the addendum also not being under seal), which was written on the back thereof and subscribed to by both such original lessor and the defendants, by which it was agreed, *inter alia,* that the defendants should have "the right of renting same (said premises) from year to year as provided for in clause 8 thereof, and that the option of leasing the same from year to year shall be construed to mean that the rent from year to year shall continue until the said Marks Company shall give a notice to terminate same prior to any yearly period therein mentioned."

On October 12, 1915, the leased building was so far destroyed by fire that the defendants who were then occupying it under said lease, and had been paying rent monthly in accordance therewith, could not continue to occupy it.

On October 22, 1915, defendants gave plaintiffs notice in writing that "pursuant to the terms of the contract of lease" aforesaid "by which" they had been "tenants of said building" they would on "the 25th day of October, 1915, vacate said premises and surrender the possession thereof to the plaintiffs."

On October 25, 1915, a further notice in writing, to the same effect, was given by defendants to the plaintiffs and on that day the former vacated the premises and surrendered possession thereof to the plaintiffs.

Thereupon contractors employed by plaintiffs entered upon the premises and commenced the repair work rendered necessary by the fire which was completed on November 11, 1915. On the latter date plaintiffs gave notice in writing to defendants that the repairs to the said building on said premises had been completed, but defendants did not re-occupy same, and this action was instituted for rent as aforesaid.

The action was instituted upon the contract contained in the lease and not upon any implied promise of defendant to pay the rent sued for.

There was a trial by jury which resulted in a verdict for the plaintiffs.

The trial court instructed the jury that under the lease introduced in evidence, "the defendants were tenants from year to year and that such a tenancy may be terminated by giving the landlord three months' notice in writing prior to the expiration of the current year, and if the jury shall believe from the evidence that such notice was not given in this case by the defendants, they shall find for the plaintiffs."

The assignments of error are based on the giving of said instruction, the refusal of instructions asked for by the defendants to the effect that the lease aforesaid created an estate for years and not a tenancy from year to year, and the refusal of the court to set aside the said verdict as contrary to the law and the evidence.

*A. B. Hurt* and *M. P. Burks, Jr.,* for the plaintiffs in error.

*Johnston & Izard* and *Carlton Penn,* for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the opinion of the court.

1. The sole question raised by the assignments of error in this case is whether the tenancy of the defendant under the lease above mentioned was a tenancy from year to year?

A tenancy from year to year has a well defined meaning in the law. At common law it was an inseparable and invariable incident of a tenancy from year to year, that it

63

could be terminated at the end of any yearly period, either by the landlord or tenant, by giving six months' prior notice of the purpose to so terminate the tenancy.

By statute with us (section 2785, Code of Va.) it is provided that "A tenancy from year to year may be terminated by either party giving notice, in writing, prior to the end of any year, for three months if it be for land within * * * (a) city or town, of his intention to terminate the same."

In the case of a tenancy from year to year, therefore, formerly at common law and now by statute, both the landlord and tenant had and have the option to terminate the tenancy at the end of any yearly period by giving notice as aforesaid.

The statute by its express terms requires the notice therein mentioned to be given only in cases of a tenancy from year to year. Other tenancies are left to be governed in this regard by the lease or contract between the parties, and notice to quit is either required or not required as may be provided for or not provided for in the agreement between the parties.

It is true that a tenancy from year to year may be created by the express terms of a lease or contract, as well as by implication of law from the holding over of the premises by a tenant with the assent of the landlord, after the expiration of a definite term of a former tenancy; but when created by the express terms of a lease or contract the distinguishing characteristic that it may be terminated, as aforesaid, by either party upon due notice to the other, is never absent. If the lease in the instant case had left this option with both landlord and tenant, it would have created a tenancy from year to year. Without this mutuality of right, or option, of terminating it by notice, a tenancy from year to year cannot exist. We cannot, therefore, regard the tenancy in the instant case as a tenancy from year to year.

Indeed, when we look to the lease in the instant case we see that the term provided for therein is for one year, and after that, "from year to year for the additional term of eight years," subject to a provision in the lease itself by which the lessors give the lessees the option to decide, in effect, whether the term shall be for one year only or for a second term of one year, or a third like term, or a fourth, or fifth, or sixth, or seventh, or eighth, or ninth like term. That is to say, the lease is for successive periods of one year each with the option to the lessees to continue for the respective periods. The lease expresses the will of the lessors. That is not left optional with them, to be expressed by the notice to quit which the law requires as incident to a tenancy from year to year. The lessees are by the lease given the option to express their will—not by the notice which the law requires as incident to a tenancy from year to year, but by their silence and holding over to thus express their will affirmatively, and by giving a certain notice, within a certain time, provided for in the lease, to thus express their will negatively. Upon the exercise of such option, the minds of the parties meet, and an express contract arises between the lessors and lessees under the lease itself, and the new term becomes an assured term for a time certain, to-wit, for the time fixed by the lease. The circumstance that the lease will be construed as a demise of the preceding term only, unless and until the lessees, by the affirmative exercise of their option, enter upon a succeeding term (*James* v. *Kibler's Adm'r*, 94 Va. 166, 26 S. E. 417; *Doe* v. *Dixon*, 9 East 15), does not at all affect the further conclusion that when such an option is exercised and the succeeding term is entered upon by the lessees, the new term is thereupon demised by the lease and held under it, as aforesaid.

The rule is elementary that the relationship of landlord and tenant does not exist unless and until the tenant enters

into possession. Where a term or successive terms of fixed duration is or are demised by a lease, each term ends at a time certain, to-wit, the end of the time fixed by the lease for the duration thereof. Until or unless the tenant enters or holds over possession into one of such terms, the relationship of landlord and tenant as to such term never commences to exist. If he has entered into possession for a preceding term under the lease, and vacates the premises at or before the end of that term, the relationship of landlord and tenant ceases at the end of such term, without any notice, either from landlord or tenant, being needed to terminate it, unless the parties contract for a notice to be given. Where the lease demises successive terms to be held at the option of the tenant, and the tenant holds over possession from one term into another, his succeeding possession is held under the lease, for the succeeding term demised by the lease; and if that term is for a time certain, to-wit, for one year, as in the instant case, it is an estate for years, and will end at the end of such year without notice from or to him to quit, unless the lease or contract itself provides for such notice to be given. If the lease or contract provides for a notice to be given, what notice must be given, and when, depends alone upon such contract provision on the subject. The latter is the instant case. If a tenant should hold over possession of premises from one term demised by a lease into another not demised by the lease, or if demised, is so demised that the duration of such succeeding term is left uncertain by the lease, in this, that both the landlord and tenant have an option of terminating it at the end of any year, upon notice, not provided for by the lease but by law, that would create in the tenant holding over a tenancy from year to year to which the statute above referred to would apply. But the last named is not

the case before us. (See as to estates for years and tenancy from year to year, 1 Taylor's Landlord and Tenant, sec. 54, 24 Cyc. 958).

In the former case, it will be observed, the landlord (the plaintiffs in the instant case) could not terminate the lease at the end of any year before the expiration of all of the terms provided for therein, by giving notice. The option given the tenant (the defendants in the instant case) to so terminate the lease could not operate to give the plaintiffs a like option (*Doe* v. *Dixon, supra*) ; and hence does not change the estate demised by the lease from an estate for years (from successive one-year terms) into a modified estate at will, which is a tenancy from year to year.

Therefore in the instant case, the option or duty to give or not to give the notice on which depended the result of whether the lease would or would not extend to the fifth succeeding year, to-wit, the year from November 1, 1915, to November 1, 1916, did not result from the existence of a tenancy from year to year during the preceding occupancy of the premises by defendants, nor from the statute (sec. 2785, Code of Virginia), but was derived and resulted from the express provision on the subject in the lease, providing for a notice to be given by the defendants. That is to say, in the instant case this is a matter resting solely in contract between the parties and the rights of defendants under it are to be determined solely by the construction of the terms of such contract. *Id certem est, quod certem reddi potest;* and by the very terms of the contract in the instant case, upon the notice by defendants being given, as it was, "prior to (a) * * * yearly period therein mentioned," *i. e.,* prior to November 1, 1915, the tenancy, which was before that for a definite term of one year ending November 1, 1915, unless another year was added thereto by and at the option of the defendants, was not succeeded by another term for one year, but ended at the termination of

that year. The lessors contracted that this should be the case. They cannot therefore, complain of it. If they had not provided for a notice to evidence the negative exercise of their option by the defendants, the lease would have terminated at the end of any current year by the mere vacation of the premises by defendants prior thereto. Having provided by the addendum to the lease for a notice, they might have provided how many days prior to the beginning of any yearly period such notice should be given. If they had provided that such notice should be given ten days or five days or any other time prior to the beginning of any yearly period, plainly it would not be contended that the statute and not the contract would govern the case. With such a provision it would be manifest that the subject rested solely in contract and was not governed by the statute. Can it be less so when the provision in the contract does not stipulate that the notice shall be given any precise length of time before the beginning of any yearly period, but states, in effect, that it shall be sufficient if given *at any time,* so that it be *prior* to the beginning of any such period? This being a subject of contract, the lessors had the power of providing expressly a longer definite time of notice. They neglected to do so. As said by Taylor's Landlord and Tenant in section 81, on the subject of uncertainties in terms of leases left optional thereby, "And in all cases of uncertainty the tenant is most favored by law, because the landlord, having the power of providing expressly in his own favor, has neglected to do so; and also upon the general principle that every man's grant is to be taken most strongly against himself." To same effect 24 Cyc. 961.

To further illustrate: If instead of the option given by the lease in the instant case to the defendants to terminate the lease at the end of any yearly period by notice given as aforesaid, the lease had given them an option to terminate

such lease by purchase of the premises (24 Cyc. 1021-3-4-5), upon notice to be given "prior to any yearly period therein mentioned"; could there be any doubt that an election to purchase and notice of it given at any time prior to the beginning of such a period, though but one day or any interval of time prior thereto, would have been sufficient and would have terminated the lease and ended the lessors right to rent? That is to say, the notice of the exercise of such option required by the lease would have been a matter of contract solely and defendants' rights under it would have been governed by the terms of the contract on the subject. (24 Cyc. 990-1024.) Can it be less so because the option does not require a purchase or any other thing to be done except the giving of the notice?

The case of *Whalen* v. *Manley*, 68 W. Va. 328, 69 S. E. 843, is cited and the following quotations, from the syllabus of and from the opinion in that case, are urged in support of the case of the plaintiffs.

It is said in such syllabus:

"Holding over and continuing to pay the same rent by a lessee, under a lease for twelve months, "with the privilege of renewal for the term of five years, if the said second party so desires, at the expiration of the said first year, without a new lease executed, and without notice to the lessor before or at the expiration of the first term of his desire or election to renew said lease for the additional term, renders him tenant from year to year."

In the text it is said:

"Reason, as well as the weight of judicial authority justifies us in holding, as the circuit court did, that simply holding over after the expiration of a lease containing a bare covenant to renew, and paying rent according to the terms of the old lease, does not amount to an election to renew, but constitutes the tenant a tenant from month to month

or year to year, depending on the terms of the lease as to rent or rental periods."

It will be found from an examination of that case, however, that the court draws the distinction found in the cases between leases containing covenants "to renew" and the use of the word "renewed" as distinguished from leases containing other words, and expressly placed its decision upon the ground that it construed the lease involved therein to be merely a covenant to execute a new lease, and not a demise by the lease in evidence.

There are some nice distinctions in the authorities on this subject, which we need not enter into here, as in the instant case the lease was clearly a demise of the premises which became operative immediately upon the exercise of the option conferred (24 Cyc. 1008). Hence, the West Virginia case cited and relied on, as aforesaid, is not an authority affecting the instant case.

The well settled rule, that where a tenant enters under a lease void under the statute of frauds because not under seal and for a longer term than five years (section 2413 Code of Va.), the tenancy is one from year to year, is urged upon our attention. But as we have seen the lease in the instant case was not for a term exceeding five years, being in fact by reason of the option aforesaid for succeeding terms of one year each, hence the instant case does not fall within such rule. Section 5 Bac. Abr. (Leases) p. 625-6, and *James* v. *Kibler's Adm'r., supra,* for principle involved.

With respect to the time of the notice provided for in the lease in the instant case, this should be said: Had the lease not provided when such notice might be given, but required a notice, a notice for a reasonable length of time before the beginning of the succeeding yearly term would have been necessary. But since the lease expressly provides when the notice may be given, that concludes the

question with respect to the time of the notice, and the reasonable time doctrine or rule has no application.

For the foregoing reasons we are constrained to hold that the court below was in error in instructing the jury that the tenancy in the instant case was a tenancy from year to year and that the three months' notice mentioned in the instruction above quoted should have been given by defendants. The judgment complained of must, therefore, be reversed and the cause remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*