## Wytheville.

## CROWDER V. VIRGINIAN BANK OF COMMERCE, INC.

### June 10, 1920.

1. LANDLORD AND TENANT—*Lease for Two Years—Privilege of Renewal for Two Additional Years—Exercise of Privilege.*— Property was leased for a period of two years. from the date of lease, with the privilege to the lessee of renting the property for two additional years, at an additional rent of $5 per month. At the expiration of the two years, nothing was said by the parties, but the lessee continued to occupy the premises, paying the additional $5 per month for nine months, and then gave notice of an intention to surrender the property at the expiration of three months.

    *Held:* That the lessee only had the option of taking the property for two additional years and not for one year, while the landlord had the right to increase the rent $5 per month, and that the irresistible conclusion from the action of the parties was that each exercised the precise privilege accorded by the contract.

2. LANDLORD AND TENANT—*Tenancy from Year to Year—Holding Over.*—While it is true that a tenancy from year to year arises by implication when a tenant from a fixed term continues to hold over without any new agreement or understanding with his landlord except the payment and acceptance of the rent, it is also true that, if he continues to hold under any agreement, that agreement determines the relation of the parties.

3. LANDLORD AND TENANT—*Successive Terms—Tenant Holding Over.*—Where the lease demises successive terms, to be held at the option of the tenant, and the tenant holds over possession from one term into another, his succeeding possession is held under the lease for the succeeding term demised.

4. LANDLORD AND TENANT—*Abandonment of Premises by Lessee— Right of Landlord Minimizing Damages.*—A tenant who abandons the demised premises before the expiration of his lease, without the consent of his landlord, does not thereby exonerate himself from the payment of rent for the residue of the term, and the landlord, where the tenant has violated his· contract, is not required to relet for the benefit of the tenant,

but at his election may suffer the premises to remain vacant and recover the rent for the remainder of the term, or he may, on the other hand, elect to enter and determine the lease, and, if he so determines the lease by re-entry, he is entitled to recover only for the rent then due.

5. DAMAGES—*Minimizing Damages—Landlord and Tenant—Abandonment of Lease.*—When one is entitled to the benefit of a contract and can save himself from loss arising from a breach thereof at a trifling expense, or upon reasonable exertion, it is his duty to do it, and he can charge the delinquent party with such damages only as with reasonable endeavor and expense could not be prevented. But where a tenant has been put in possession and abandons the premises in violation of his contract, the landlord is not obliged to minimize the damages he has sustained by finding another tenant.

Error to a judgment of the Circuit Court of Lunenburg county, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*S. S. P. Patteson* and *Charles T. Reekes,* for the plaintiff in error.

*George E. Allen,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court. .

[1, 2]. This controversy arises out of these facts: J. N. Crowder is the owner of property in Victoria, of which the Virginian Bank of Commerce was the tenant under a lease containing this language: "The said property is leased for a period of two years from the date hereof, yielding therefor during the said term the rent of $25.00 per month, payable at the expiration of each month. It is further agreed

and understood that the said party of the second part shall have the privilege of renting the said property for two additional years, with the privilege of the said party of the first part advancing the rent $5.00 per month." The tenancy commenced under the lease on the first day of July, 1914. On the first day of July, 1916, at the end of the two years' period first provided for, nothing was said by the parties, but the bank continued to occupy the premises, paying therefor the advance of $5.00 additional rent per month for the succeeding nine months, and then gave notice of its intention to surrender the property on the first day of July, 1917. The landlord protested, declined to accept such surrender, and insisted that under the contract the bank had already exercised its privilege of renting the property for two additional years, which did not expire until July 1, 1918.

The issues of law and fact were submitted to the trial judge, who decided the case in favor of the bank.

The giving of three months' notice and the claim of right to abandon the property on the first day of July, 1917, indicates that at that time the bank assumed that it held as a tenant from year to year, because such a notice is required by statute to terminate such a tenancy. If so, this was an erroneous assumption. While it is true that a tenancy from year to year arises by implication when a tenant for a fixed term continues to hold over without any new agreement or understanding with his landlord except the payment and acceptance of the rent, it is also true that if he continues to hold under any agreement, that agreement determines the relation of the parties. In this case the issue must be determined by the proper construction of the clause of the contract which gives to the tenant the privilege of renting the property for two additional years with a corresponding privilege of the landlord to advance the rent five dollars a month. In this case there was no mere holding over with-

out more.  It is claimed for the bank that the language, "two additional years," in the contract, in the absence of the words "period" or "term," should be construed to give it the option of renting the property either for one or for two additional years, and that the facts of this case should be construed to indicate that it exercised its option to rent it for one additional year.

We cannot agree, however, that it had such an option. The only right it had under that clause was the privilege of renting the property for an extended term or period of two additional years, and if the bank had desired to rent it for one additional year instead of two, a new agreement would have been necessary.  As indicated, we are of opinion that it only had the option of taking the property for two additional years, the precise time specified, while the landlord had the right to increase the rent exactly five dollars per month, in case the tenant exercised such option.  The irresistible conclusion from the action of the parties is that each exercised the precise privilege accorded by the contract.  This we think is sufficient to dispose of the case, but there is abundant authority to sustain this conclusion, if it needs any support.  *Pierce* v. *Grice*, 92 Va. 763, 24 S. E. 392; *Powell* v. *Pierce*, 103 Va. 530, 49 S. E. 666.

[3]    This quotation from *Marks* v. *Goria*, 121 Va. 500, 93 S. E. 675, is supported by the cases, and is peculiarly appropriate to the facts of this case: "Where the lease demises successive terms, to be held at the option of the tenant, and the tenant holds over possession from one term into another, his succeeding possession is held under the lease, for the succeeding term demised by the lease."

Some of the cases have distinguished between the privilege to the tenant to extend as contrasted with the right to renew the lease, and *Whalen* v. *Manley*, 68 W. Va. 328, 69 S. E. 843, illustrates this distinction.  There it is held that where the party had the privilege to renew his lease and did

not do so, but continued to pay the same rent after the expiration of his first year's tenancy, without the execution of a new lease and without notice to the lessor of his desire or election to renew the lease for the additional term, that this made him a tenant from year to year. This distinction is by no means universally observed, and is not applicable to the case in judgment, because here the lease did not provide for a renewal. Certainly the very great weight of authority is to the effect that if the lessee has the privilege of an extension and holds over, he holds for the additional term under the original lease. 16 R. C. L. 885, 894. It has been said that the reason for this is that by holding over he has exercised the privilege to extend his term, and the original lease becomes a demise for the extended term and needs no renewal.

The subject is exhaustively treated in the note to *Kuhlman* v. *Lemp Brewing Co.* (87 Neb. 72, 126 N. W. 1083), 29 L. R. A. (N. S.) 174, where numerous cases are cited; and which is supplemented by the note to *Crenshaw-Gray Lumber Co.* v. *Norton* (111 Miss. 720, 72 So. 140), L. R. A. 1916E, p. 1232. It would serve no good purpose to undertake to digest, or even to summarize, the authorities, which while not all in accord are sufficient to support the construction which we have given to this contract.

'[4, 5] It is also claimed for the bank that it was the duty of the landlord to find another tenant for the property, under the generally accepted rule that when one is entitled to the benefit of a contract and can save himself from loss arising from a breach thereof at a trifling expense, or upon reasonable exertion, it is his duty to do it, and he can charge the delinquent party with such damages only as with reasonable endeavor and expense could not be prevented; and that a plaintiff cannot recover for avoidable consequences. While there is no doubt about this general rule, it does not apply to such a case as this.

In 24 Cyc. at p. 1164, many authorities are cited for the proposition, that a tenant who abandons the demised premises before the expiration of his lease, without the consent of his landlord, does not thereby exonerate himself from the payment of rent for the residue of the term, and that the landlord, where the tenant has violated his contract, is not required to relet for the benefit of the tenant, but at his election may suffer the premises to remain vacant and recover the rent for the remainder of the term, or he may, on the other hand, elect to enter and determine the lease, and if he so determines the lease by re-entry, he is entitled to recover only for the rent then due.

The case of *James* v. *Kibler's Adm'r*, 94 Va. 165, 26 S. E. 417, is cited as sustaining a different view. In that case, however, while the contract had been signed, the tenant had refused to take possession, so that the relation of landlord and tenant never existed. The rule is certainly different where the tenant has been put in possession and abandons the premises in violation of his contract, without justification or excuse. The authorities relating to various questions which have arisen upon such abandonment are summarized and digested in the note to *Haycock* v. *Johnston* (97 Minn. 289, 106 N. W. 304), 114 Am. St. Rep. 717, and also in the note to *Higgins* v. *Street* (19 Okl. 45, 92 Pac. 153, 13 L. R. A. [N. S.] 398), 14 Am. & Eng. Ann. Cas. 1088.

The evidence in this case, to the effect that by making certain alterations the landlord could have secured a tenant and thereby reduced the indebtedness of the tenant, is by no means convincing, and inasmuch as the landlord lived forty-five or fifty miles away, while the bank was located in the same town in which the premises were, its own opportunities for minimizing the loss were far greater. The landlord was under no obligation to resume possession of the premises which had been wrongfully abandoned, and had the

right to refuse such possession and to hold the tenant liable under the contract.

We are, therefore, of opinion that the judgment of the trial court in favor of the tenant is erroneous. This court will, therefore, enter judgment in favor of the landlord for the one year's rent with interest for which the tenant is responsible under its contract.

*Reversed.*