## BARROW et al. v. IRVING TRUST CO.

### No. 137.

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1934.

Abram P. Staples, of Roanoke, Va., for appellants.

Cravath, de Gersdorff, Swaine & Wood, of New York City (William D. Whitney, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This appeal raises no other questions than those which we dealt with in Manhattan Properties, Inc., v. Irving Trust Co., 66 F. (2d) 470, and Malavazos v. Irving Trust Co., 66 F.(2d) 482, except that here we must consider a point of Virginia law. The lessors, who are the claimants, assert that by the law of that state when a lessee repudiates the lease, the lessor may sell the term and sue at once for liquidated damages; by which we mean the difference between the discounted future rents and the value of the term as realized. The claimants did not indeed take that course here; rather they procured from a Virginia court a receiver who is collecting the rents for the interest of whom it may concern. But their position is that the bankruptcy court may sell the term in their stead by way of liquidating the claim, and offset the sum received against the discounted future rents. We are not clear that under James v. Kibler's Adm'r, 94 Va. 165, 26 S. E. 417, this course is open to a lessor; that is, whether he must not himself resell the term upon the lessee's repudiation. However, we shall assume that he may leave the sale to the court, if he positively elects to pursue that remedy; just as we assume that the bankruptcy is a repudiation of the lease by the lessee. We have never held that the lessor would not have a provable claim in bankruptcy in case the lease contained a covenant that upon repudiation the lessee would pay the discounted future rents, less the present value of the term. In re Roth & Appel (C. C. A. 2) 181 F. 667, 31 L. R. A. (N. S.) 270, did not touch such a covenant; though the lessee had promised to pay the difference between the rent reserved as it fell due, and the rents received by the lessor on any reletting. We thought such a claim too contingent, because each payment was conditional upon the continuance of the term, and the covenant was as little absolute as the prime covenant to pay the rents. A covenant to pay at once the discounted rent would not be so conditioned; it would be, in substance, a covenant for liquidated damages, as we have already called it; and we reserve its provability. Arguendo we will assume that it would be provable.

In James v. Kibler's Adm'r, supra, 94 Va. 165, 26 S. E. 417, the lessor was allowed to recover without such a covenant in the lease; the remedy was the same as though it had existed. If the lessee had entered, we should have to decide the question we have just reserved. However, he had not, and that was expressly mentioned as an important, if not controlling, circumstance; the situation was treated as an ordinary breach of contract. In Crowder v. Virginia Bank of Commerce, 127 Va. 299, 103 S. E. 578, the lessee had entered and the lessor had not resold the term. The lessee urged this as an excuse when the lessor sued for the full rent, his theory being that by neglecting to sell the lessor had failed in his duty to minimize his damages. This the court answered by distinguishing between the repudiation of a contract to lease and of the lease itself; in the first the lessor must minimize damages, in the second he may let the rent roll up and sue for it. The last was a doctrine of real property, different from that applicable to contracts generally. Of course, it would be possible to say that the lessor has such a remedy after entry, but that for especial reasons he need not use it; it is possible to lay down any rule whatever. But at least the distinction made in Crowder v. Virginia Bank of Commerce leaves us doubtful whether the circumstances that in James v. Kibler's Adm'r, supra, 94 Va. 165, 26 S. E. 417, the term had not begun, may not have been the controlling factor. Certainly no such remedy was known to the common law in the absence of specific covenant. Branning Mfg. Co. v. Norfolk-Southern R. Co., 138 Va. 43, 121 S. E. 74, again concerned a lease in which the term had not begun; it adds nothing to James v. Kibler. Cook v. Payne, unreported, was merely a refusal without opinion to entertain an appeal; we have no means of knowing what were the court's reasons; certainly they may have been other than what the claimants here assume. Our conclusion is that the law of Virginia has not been shown to vary from the common law, and that In re Roth & Appel, supra, 181 F. 667, 31 L. R. A. (N. S.) 270, rules this appeal.

The order is affirmed, but if the appellants wish the mandate will be held up until the decision of the Supreme Court on the main issues now pending before it on certiorari.