## CIRCUIT COURT OF FAIRFAX COUNTY

Malawer

v.

Grimm

December 6, 1990

Case No. (Law) 100437

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the defendant's general Demurrer to the Motion for Judgment and to the claim for unaccrued rents.

The Court has considered the arguments of counsel, as well as the principal cases of *Crowder v. Virginian Bank*, 127 Va. 299, 103 S.E. 578 (1920), and *tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919 (4th Cir. 1976). For the reasons stated below, the Court denies the Demurrer to the Motion for Judgment but grants the Demurrer to the claim for unaccrued rents.

In his Motion for Judgment, Mr. Malawer claims wrongful termination of a lease because the tenant abandoned the premises without giving the required notice. He has stated a legally sufficient claim.

A tenant who abandons demised premises before the expiration of his lease, without the consent of his landlord, does not thereby exonerate himself from payment of rent for the residue of the term. *Crowder*, 127 Va. 299, 103 S.E. 578. When faced with abandonment, a landlord has three options:

(1) He may re-enter and terminate the lease;

(2) He may re-enter for the limited purpose of re-letting without terminating the lease; or

(3) He may refuse to re-enter and initiate an action for accrued rents. *tenBraak*, 542 F.2d 919 at 925.

If the landlord makes the third choice and refuses to re-enter, he may only recover damages for rent accrued and unpaid at the time the action was initiated. *Id.* at 926.

It appears from the Motion for Judgment that Mr. Malawer has chosen not to re-enter but to initiate an action for rent. According to *tenBraak*, in this action, he is only entitled to rents accrued at the time of filing this suit, October 15, 1990.